LEO P. PETERS, a minor, Respondent, v. GILLE
MANUFACTURING COMPANY, Appellants.

Kansas City Court of Appeals, October 5, 1908.

1. **FACTORIES: Statutory Construction: Women: Minors.** Section 6434, Revised Statutes 1899, was intended to protect women and minors and not to deprive them of the opportunity of earning wages in factories.

2. **———: ———: Motion of Machinery.** Said statute intended to prohibit the employment of women and minors in cleaning or working between the fixed or transversing parts of a machine while the same is in motion or being operated; and the fact that there are intervals between the strokes of the machine during which an accident happens does not relieve from the liability created by the statute.

3. **———: Pleading: Petition: Cured by Verdict.** A petition is examined and found sufficient after verdict though subject to assault in proper manner before the trial.

4. **TRIAL AND APPELLATE PRACTICE: Instruction: Common Error.** Appellant cannot complain of an error in respondent's instructions when his own contains the same fault.

5. **MASTER AND SERVANT: Negligence: Contributory Negligence: Instruction.** *Held*, the question of contributory negligence was properly submitted to the jury and the evidence supports the finding.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Warner, Dean, McLeod & Timmonds* and *O. C. Mosman* for appellants.

(1)   The petition does not state a cause of action at common law, nor does it state facts sufficient to bring it clearly within the statute.   Case v. Cordell Zinc Co., 103 Mo. App. 477; Barker v. Railroad, 91 Mo. 86; Barron v. Lead & Zinc Co., 172 Mo. 228; Hewitt v. Harvey, 46 Mo. 368; Pitt v. Daniel, 82 Mo. App.

168; Russell v. Railroad, 83 Mo. 507; Culshall v. Mc-Gowan, 98 Mo. App. 705. (2) The court erred in overruling defendants' demurrer to plaintiff's evidence. Strode v. Columbia Box Co., 124 Mo. App. 511; Meifert v. Sand Co., 124 Mo. App. 491; Dillon v. Coal Tar Co., 181 N. Y. 215, 73 N. E. 978; Cement Co. v. Insurance Co., 162 N. Y. 399, 56 N. E. 897; Byrne v. Carpet Co., 61 N. Y. Supp. 741; Powalske v. Brick Co., 110 Wis. 461, 86 N. W. 153; Scialo v. Steffens, 94 N. Y. Supp. 305. (3) Instruction 1P. given on behalf of plaintiff was erroneous. (4) The court erred in overruling defendants' instruction 4B.

R. J. Holmden and D. C. Finley for respondent.

(1) The petition does state facts sufficient to constitute a cause of action. Brower v. Locke, 31 Ind. App. 353; Kennayde v. Railroad, 45 Mo. 258; Lore v. Mfg. Co., 160 Mo. 621; Land Co. v. Tie Co., 79 Mo. App. 546; Blair v. Heibel, 103 Mo. App. 633; Renshaw v. Lloyd, 50 Mo. 368; Camp v. Railroad, 94 Mo. App. 281; Pitt v. Daniel, 82 Mo. App. 171. (2) The court did not err in overruling defendants' demurrer to plaintiff's evidence. Blanton v. Dold, 109 Mo. 64; Oglesby v. Railroad, 177 Mo. 272, 325; Adolff v. Pretzel Co., 100 Mo. App. 211; Raney v. Lachance, 96 Mo. App. 484; Taleman v. Rock Island, 96 Mo. App. 453; Milsap v. Beggs, 122 Mo. App. 1; Lore v. Manufacturing Co., 160 Mo. 608; Blair v. Heibel, 103 Mo. App. 621; Stafford v. Adams, 113 Mo. App. 717; Henderson v. Kansas City, 177 Mo. 477. (3) Instruction 1P. given on behalf of plaintiff was not erroneous. (4) The court did not err in overruling defendants' instruction 4B. Nairn v. Biscuit Co., 120 Mo. App. 144; Blanton v. Dold, 109 Mo. 64.

BROADDUS, P. J.—An action for damages. Plaintiff's petition contains three counts. The court

sustained demurrers to plaintiff's evidence on the first and second count, and the cause was tried on the third count, on which plaintiff recovered judgment and the defendants appealed.

The plaintiff was a minor seventeen years of age. The defendants were engaged as a manufacturing company in the sheet metal and tinware business in Kansas City. The plaintiff while engaged in working about a certain machine in February, 1907, was injured in his hand. A description of the machine given by the defendants is admitted to be correct, which is as follows:

"The machine in question was known as a stamp press machine. It consisted of a heavy framework of iron. The upper part of the machine could be moved on supports which rested on the floor and thus the machine could be used either in an upright position or in an inclined position. . . . There was a flywheel at one side of the machine which when connected with a belt and thrown in gear, caused it to operate.

"There was a face plate or bed about two and one-half feet from the floor, on which the counter part of the die was fastened. The die was fastened to a plunger which operated by a connection on the shaft to which the flywheel was attached. Near the floor between the legs or supports of the machine was a pedal and attached to the end of the pedal was a rod which connected with a clutch in the inside hub of the flywheel. By pressing the pedal, the clutch was released and the machine thrown in action, the plunger and the die descending upon the counter die regularly with every revolution of the flywheel. This operation continued as long as the pedal was held down. When it was released, the plunger ceased to act and, if the pedal was pressed down and immediately released, the die descended but once. There were dies of various shapes and sizes that could be used on the machine."

The following statement, made by the defendants, is also admitted to be practically correct:

"For ten days, the plaintiff had been cutting small roofing caps out of pieces of scrap tin. He was perfectly familiar with the work of operating the machine and considered himself to be an expert operator. At the time of the accident he had cut all the caps possible out of the piece of tin and the remaining tin which he held in his hand and which he intended to cast aside had become entangled in the gauge attached near the lower or counter part of the die. He attempted to remove this, but, being unsuccessful, left his position in front of the machine and went to one side. The machine was at rest. In trying to remove the tin he placed his hands directly under the upper die and, for some unexplained reason, the upper die descended and cut off one of his fingers. The plaintiff claims that the machine had operated once before in this way without any pressure upon the pedal and some three minutes after he had ceased to operate it, but he made no complaint nor did he inform any one of this fact. Once before the plunger had refused to operate and, on complaint, the trouble was located and remedied. In the operation of cutting these caps, the plaintiff sat on a stool in front of the machine. His body was about six inches from the face plate which came up to his waist. The die was six inches back from the front edge of the face plate. In cutting out these caps it was not necessary for him to place his hands under the die, which was about one inch in diameter. He never had so placed his hands before and was always careful to keep them out from under the die, as he knew the danger if the upper die descended while his hands were in that position. The method of operating the machine was to hold one end of the tin in his hands and to push the other end over the counter die. He would then press the pedal with his foot and immediately re-

move his foot from the pedal. The machine would thus make but a single operation or cut."

The count of the petition on which the case was tried was based upon a violation of section 6434, Revised Statutes 1899, which reads as follows:

"No minor or woman shall be required to clean any part of a mill, gearing or machinery in any such establishment in this State, while the same is in motion, or work between the fixed or traversing parts of any machine, while it is in motion by the action of steam, water or other mechanical power." The words, "such establishment," refer to establishments described in section 6433, *idem.*

The petition, after describing the machine and the manner in which the injury was inflicted, alleges as follows: "That plaintiff was injured without fault or negligence on his part, but said injury was wholly caused by the negligence and want of care of defendants in this, that defendant carelessly and negligently employed plaintiff, a minor, to work and operate said machinery contrary to section 6434, Revised Statutes of Missouri 1899." The defendants' chief contention is that under the pleadings and evidence the plaintiff was not entitled to recover. The question raised by the appeal involves the construction of the section in question. This section seems to us to be somewhat ambiguous.

If the interpretation adopted by the plaintiff be correct, it is unlawful to employ women and minors in such establishments where there is stationary or traversing machinery. But we do not think such a construction is sound. If so, no woman or minor could lawfully obtain employment in any mill or other similar establishment. But there is, in many such establishments, work carried on that is wholly disconnected with the machinery while in motion. The intention of the Legislature was to protect the two classes of persons

named from dangers to which they were more liable than men, and not to deprive them of opportunities for earning wages in such establishments, otherwise the law would be nugatory and an invasion of their inalienable rights.    This case addresses itself to the prohibitory provisions of the section only, and, if it be found that plaintiff received his injury while the machine was in motion, he has made out a case for recovery.

But defendants contend that the machine was not in motion at the time the injury was inflicted; that it had ceased its motion for more than a minute previously and that the action of the plunger in descending was erratic, and the machine was not in motion as contemplated by the statute.    It seems to us, that this is a very narrow view to be taken of the matter. It is true, the machine was only in actual motion while plaintiff had his foot on the pedal.    The work, in which he was engaged, required only one stroke of the plunger.    After each, plaintiff removed his foot until he got ready to make another.    In one moment, there was movement; in the next, there was rest.    Plaintiff was required to work the machine while it was in motion which was the proximate cause of his injury.    And it is of no consequence, that for a short time before his injury the machine was temporarily at rest.    The object of the statute is to prohibit the employment of women and minors in cleaning or working between the fixed or traversing parts of a machine while the same is in motion, that is, while being operated.    The statute should receive a reasonable construction.    It would be absurd to say that the machine was not in motion in the intervals of the strokes, as a matter of law. "The doctrine contended for by defendant is sheer technicality and is founded upon a strict adherence to the letter of the statute, ignoring the reason and the substance thereof.    It goes but skin deep, and does not

penetrate into the meaning." [Berrel v. Davis, 44 Mo. l. c. 409.]

The defendants insist that the petition does not state a cause of action. It sets out that plaintiff was a minor in defendants' employ, a description of the machine, the manner in which he was injured, and that such injury was the result of defendants' action in requiring him to operate said machine in violation of said section. The petition does not state, in so many words, what kind of an establishment defendants operate, but it does state facts which go to show that it was a manufacturing establishment. Nor does it state the motive power by which the machinery is operated, whether steam, water or other mechanical power. The latter omission is the most serious objection to the pleading. But the description of the machine shows that it was not possible that it could be operated by hand, and that it must have been operated by some mechanical means. We believe the petition is sufficient to support the judgment. Such objections as are here urged should have been made before trial.

Instruction one, given for plaintiff, is criticised by defendants for several reasons, among which is, that it assumes that the machine was in motion by the action of steam, water or other mechanical power. The objection is well founded. But it seems that the defendants fell into the same error when they got an instruction in the following language: "The court instructs the jury that, if you believe from the evidence that plaintiff was not required to work between the fixed or traversing parts of the machine in question while the same was in motion by the action of steam, water or other mechanical power, then plaintiff was not entitled to recover and your verdict will be for defendants." There was in fact no room for dispute, that the machine was of the kind and character that was in the contemplation of the statute, and there was no kind of dis-

pute but what plaintiff was injured as he stated. The defendants rested their case, not upon a denial of the truth of plaintiff's evidence, but upon non-liability under the facts established.

The question of plaintiff's contributory negligence was submitted to the jury by instructions and the finding on that issue is amply supported by the evidence.

Most of the points relied on by defendants are purely technical, but we believe that the verdict was for the right party. Accordingly, the cause is affirmed. All concur.