THE PEOPLES BANK, Appellant, v. PETER W. STEWART, Respondent.

**Springfield Court of Appeals, January 8, 1912.**

1. **PLEADING: Guaranty: Denial of Execution in Form Pleaded.** In an action on alleged orders and guaranties of the payment of overdrafts claimed to have been issued by defendant to plaintiff bank for the benefit of a mining company, the answer of defendant is construed to be a denial of the execution of the orders in the form described in the petition.

2. **EVIDENCE: Appeal and Error: Res Adjudicata.** Where on a former appeal the appellate court held that the testimony of the president of plaintiff bank was sufficient to carry the case to the jury on the issue as to the form of the orders sued on, and it appears that on a second trial the president testified that his former testimony was correct in the main, it follows that the issue was again one for the jury.

3. **INSTRUCTIONS: Guaranty: Harmless Error.** An instruction authorized a finding for defendant if the jury found that by the terms and language of the orders sued on the defendant only agreed to guarantee the payment of an account in case they also found certain other facts, but contained the additional requirement that the jury find defendant also intended by said orders to guarantee the payment; *held* that this additional requirement as to the intention was surplusage and harmless.

4. ————: **Same Error in Appellant's Instruction.** Where a case is remanded by the appellate court for a new trial, with directions to the trial court as to the giving of certain instructions, which direction is not strictly followed, but the error in the instruction given for respondent on retrial is also found in appellant's instruction, the appellant is in no position to complain.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED

*Neal & Newman* and *I. V. McPherson* for appellant.

(1) The court erred in refusing plaintiff's instruction marked ''A1.'' This instruction submitted to the jury the only issue of fact made by the pleadings. Every fact necessary to entitle plaintiff to recover was admitted except the amount of money paid out by the plaintiff in cashing the checks of Roley & Company. This was the only fact which ought to have been submitted to the jury and was properly submitted in this instruction requested by the plaintiff. Bank v. Stewart, 152 Mo. App. 314; Bank v. Stone, 93 Mo. App. 292; Cole v. McDaniel, 33 Mo. 363; McCord v. Railroad, 21 Mo. App. 95; Darrett v. Donnelly, 38 Mo. 492; State ex inf. v. Club, 200 Mo. 65; Price v. Mining Co., 83 Mo. App. 474; Adams v. Trigg, 37 Mo. 141; Atterbury v. Powell, 29 Mo. 429; Shoe Co. v. McDonald, 138 Mo. App. 331. (2) The court erred in giving instruction numbered 9 of its own motion. This instruction was not correct for the reason it submitted to the jury the question of the form of the orders, when the form of the orders was admitted to be as pleaded by the plaintiff in the first, second and third counts of the petition; it was error for the further reason there was no evidence the orders were in any other form than was the order sued on in the fourth count, therefore there was no evidence upon which to base instruction number 9; it is error for the further reason the former opinion rendered in this case is the law of the case and this instruction violates the former opinion rendered in this case. Rodan v. Transit Co., 207 Mo. 392; Shore v. Bohle, 64 Mo. App. 242; Alms v. Conway, 78 Mo. App. 490; De Donato v. Morrison, 160 Mo. 581; Fenton v. Perkins, 3 Mo. 23; Hahn v. Calton, 136 Mo. 216; Farmer v. Baker, 42 Mo. 13; Maddox v. Ins. Co., 39 Mo. App. 198; Saney v. Railroad, 40 S. E. 111, 62 S. C. 127; Estey v. Birnbaum, 68 N. W. 290, 9 S. D. 174;

Vohs v. Shorthill, 100 N. W. 495, 124 Iowa, 471; Milling Co. v. Burns, 152 Mo. 350; Rush v. Burns, 152 Mo. 660; Fidelity & Casualty Co. v. Haines, 111 Fed. 337; Mustain v. Williams, 7 Ky. Law Rep. 828; Huber Mfg. Co. v. Hunter, 78 Mo. App. 82; McDermott v. Railroad, 87 Mo. 285; King v. Ins. Co., 101 Mo. 163; Helm v. Railroad, 98 Mo. App. 419. (3) The court erred in giving instruction No. 13, requested by plaintiff. Giving instruction 13 was error for it also put the burden of proving the defendant executed the orders sued on on the plaintiff which fact the defendant admitted in his answer. Bank v. Stone, 93 Mo. App. 292; State ex inf. v. Club, 200 Mo. 34.

*W. B. Skinner* and *John L. McNatt* for respondent.

(1) The defendant did not admit he executed the orders; he denied under oath their execution, and then only pleaded "that the written orders alleged to have been executed by the defendant and upon which it is alleged plaintiff paid money were only offers to guarantee, and that defendant was in all respects under the establishel law of the land secondarily liable under said alleged written orders, and any other construction impairs the obligation of the alleged contract of defendant. Gaar, Scott & Co. v. Black, 120 Mo. App. 181; Nelson v. Broadhack, 44 Mo. 596; Bank v. Stewart, 136 Mo. App. 35. (2) A party inviting a court to submit an issue to the jury cannot complain when such issue is submitted. Hof v. Transit Co., 213 Mo. 469; Ziehme v. Harris, 129 Mo. App. 192; State v. Brown, 209 Mo. 420. (3) The same evidence was again before the court and jury and this opinion holding the evidence conflicting on this point is conclusive. Carey v. West, 165 Mo. 452; Mill Co. v. Sugg, 206 Mo. 153; Beasley v. Smith, 158 Mo. 523; State v. Newkirk, 49 Mo. 472.

GRAY, J.—A history of this suit and the understanding of its facts and issues may be found in the opinion of this court on a former appeal, and reported in the 152 Mo. App. 314, 133 S. W. 70. When the case was remanded, an amended answer was filed, but otherwise the pleadings were the same as in the former appeal. The amended answer admitted the execution of the order described in the fourth count of the petition, but denied, under oath, the execution of the orders described in the other counts. The answer further alleged: "Defendant says and avers that the orders alleged to have been executed by the defendant, and upon which the plaintiff alleges it advanced money to the said Roley & Company, only requested the plaintiff to permit the said Roley & Company to overdraw and check at the plaintiff's bank for a particular week to meet the pay roll of the said Roley & Company, and that defendant only offered to guarantee the repayment of said overdraft, etc."

It is the contention of the plaintiff that this answer admitted that the orders were in the form described in plaintiff's petition. This part of the answer was the same as the answer in the former appeal, and we did not, in reviewing the case, give the answer this construction. It seems to us that it is plain the defendant was denying that he executed the orders described, but that any orders he did give, were only offers of guaranty that required notice of the acceptance and failure of Roley & Company to pay.

The appellant makes the further claim that there was no evidence offered at the last trial to authorize the court to submit to the jury the issue as to whether the orders were in the form described in the petition. The record shows that when the plaintiff's president was on the stand, he was cross-examined regarding his former testimony in the case, as follows: "Q. I will ask you if this question wasn't asked you by Mr. Mc

Pherson, 'Q. Tell the jury the substance of this writing? A. Well, I don't know as I could repeat it word for word, but it was an order such as an ordinary farmer or man of that kind would write, to let Roley & Company—that he would guarantee Roley & Co.'s pay roll, or something to that effect.' That was your testimony? A. Yes, sir. Q. Was it correct? A. In the main. Q. In substance did you not tell the jury what the order was? A. Well, I don't remember exactly word for word; I said similar to that.''

It thus appears that the witness at this trial stated that his testimony at the former trial, as to the form of the orders, was correct in the main. It is true the other officers of the plaintiff at the trial, from which this appeal was taken, testified that the orders were in the form alleged in the petition, but their testimony was weakened on cross-examination by showing that at a previous trial they had testified that the orders were held as collateral security for the debt of Roley & Company.

On the former appeal we held that the testimony of the president was sufficient to carry the case to the jury on defendant's claim as to the form of the orders, and as the president at this last trial testified that his former testimony was correct in the main, it follows that the issue was again one for the jury.

The appellant assigns as error the action of the court in admitting evidence of deposits made at different times by Roley & Company in the plaintiff bank, and that the bank took demand notes of Roley & Company for the amount it had paid out in cashing the checks for that partnership. We held this testimony competent on the former appeal, and, therefore, the court committed no error in admitting it.

Complaint is made of the action of the court in giving defendant's instruction No. 11. The complaint against the instruction is, that by it the court told the

jury that defendant was only liable for what he intended to do, and not what he actually did. The instruction reads: ''Even though you may believe and find from the evidence that the defendant signed orders at the times mentioned in the first, second and third counts of the petition, yet if you further believe that by the terms and language of said orders the defendant only agreed and intended to guarantee the payment of the debt of Roley & Company, etc.'' There was no occasion for using the word ''intended'' in the instruction, but in as much as the instruction required the jury to find that by the terms and language of the order the defendant agreed to guarantee the account, the additional requirement that defendant also intended to guarantee the payment of the order was surplusage and harmless.

At this last trial the jury returned a verdict in favor of the plaintiff on the fourth count of the petition, but found for the defendant on the other counts. This was the third trial of the issues before a jury, and each time the verdict on these three counts has been for the defendant. We have carefully examined the record and it shows that the trial court, with one exception, carefully followed the law as declared in our opinion. The exception relates to the forms of the orders. In the opinion we said: ''The court should inform the jury by proper instructions relating to the contention of the parties as to the form of the other orders, and should also inform the jury as to the legal effect of the orders in case they should be found to have been in certain language.'' This was not done, but the jury were told if they found the defendant only agreed to guarantee the payment of the debt of Roley & Company, then they were not the orders described in the plaintiff's petition.

We do not believe, however, that the plaintiff is in a position to complain of this error, as the same error is found in its instruction. [Peters v. Gillie Mfg. Co.,

133 Mo. App. 412, 113 S. W. 706; Masterson v. Transit Co., 204 Mo. 507, 103 S. W. 48; Clippard v. Transit Co., 202 Mo. 432, 101 S. W. 44.]

The judgment will be affirmed. All concur.