## LUND v. SARGENT MANUFACTURING CO.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE OF MINOR.
   An infant of fourteen years is not guilty of negligence *per se* in attempting to remove a small block from a point near the knives of defendant's planer for the purpose of preventing its interference with the machinery, where he had not been warned that the dust collector exerted sufficient force to draw his hand into the knives.

2. SAME—TRIAL—INSTRUCTIONS—SLIGHT NEGLIGENCE.
   No error was committed by the trial court in refusing to charge the jury that slight negligence on plaintiff's part would bar his recovery, and instructing the jury that if he was guilty of negligence within the definition of the court, he could not recover.

3. NEW TRIAL—REVIEW—APPEAL AND ERROR.
   The denial of a new trial is not reversible on the ground that the verdict is against the weight of evidence, where experiments with the machinery, not shown in the record, were conducted in the presence of the jury.

Error to Muskegon; Sessions, J.   Submitted June 11, 1909.   (Docket No. 63.)   Decided July 15, 1909.

Case by Sofus Lund, by next friend, against the Sargent Manufacturing Company for personal injuries.   A judgment of $2,947.60 for plaintiff is reviewed by defendant on writ of error.   Affirmed.

*Fred L. Vandeveer*, for appellant.

*Stephen H. Clink*, for appellee.

OSTRANDER, J.   At the time the plaintiff was injured he was 14 years and 10 months old, and was employed in the factory of defendant to "tail" a pony planer.   In the revolving knives of the planer the knuckles of his right hand were cut in such manner that the large finger was amputated, the third finger is crooked and interferes with normal use of the hand, the first and fourth fingers were cut, but not permanently disabled.   He had been in the employ of defendant about three weeks, some of the time tailing the large planer.   His duties were simple.   As boards, one—the upper—side of which was planed in the operation, came through the machine, he took them, and laid them upon a truck placed behind him.   The negligence of defendant which is alleged is the employment of plaintiff in contravention of Act No. 113, Pub. Acts 1901, § 3.   A motion to direct a verdict for defendant was made when plaintiff rested his case, and a similar motion was made at the conclusion of the proofs.   Both were denied.   A motion for a new trial was made, and was denied.   Proper exceptions were taken to rulings, and the errors assigned and relied upon present, and counsel have argued:

(1) That plaintiff, as matter of law, was guilty of contributory negligence.

(2) That defendant's seventh request to charge should have been given.

(3) That a new trial should have been ordered because

(*a*) the verdict was against the weight of evidence; (*b*) excessive damages were awarded.

These matters will receive attention in the order stated.

1. It is the claim of the plaintiff, and his testimony tends to prove, that he was injured while attempting to remove a small piece of wood which had lodged between a roller and the bed of the machine. He supposed, he says, that its presence would, or might, interfere with proper operation of the machine, that although charged with no duty in that regard, he ought, in the interest of his employer, to remove it, and that he supposed he could remove it without danger to himself. He appreciated the danger of approaching his hand too closely to the revolving knives of the planer, but did not appreciate—was ignorant of—the force exerted by a certain apparatus connected with a hood placed over the knives, which sucked or drew into a pipe, and carried away, the dust and shavings made by the planer. In describing how he was injured, and he is the sole witness for plaintiff upon this subject, he says that as he approached his hand to the piece of wood, which he describes as a knot or block not quite the size of a silver dollar in circumference, and a little over an inch in thickness, which lay some five inches from the nearest point reached by the knives, and somewhat below them, his hand was suddenly drawn against the knives by the force exerted by the dust-collecting apparatus. He knew there was some force there, because he saw it in operation, and had before that time, when the knives were not revolving, held or tossed shavings sufficiently near it to have them drawn into the pipe. He had been advised of no danger except the obvious danger of coming in contact with the moving machinery, and, with or without warning, he appreciated the necessity of keeping his hands away from the revolving knives.

It is contended that the case is ruled by *Beghold* v. *Auto Body Co.*, 149 Mich. 15 (112 N. W. 691, 14 L. R.

A. [N. S.] 609). If plaintiff knew, or ought to have known, that the dust collector exerted a force which would pull or suck his hand into the knives, we think the contention should be allowed. Assuming his ignorance of this danger, it cannot be said, as was said of the plaintiff in that case, "he was needlessly, inexcusably careless." What he did was a natural thing for any employé to do, especially was it the natural act of a bright boy less than 16 years old, who was interested in his employer's affairs, and who supposed he could, without any risk, accomplish what he sought to do. If he had been acquainted with the dangerous character of the act, it may be supposed he would not have attempted it. The question of plaintiff's negligence was for the jury.

2. Defendant's seventh request was:

"If you find that the injury which plaintiff received was caused as a result of the negligence of the defendant in hiring him when under the age of 16, and setting him at work dangerous to life and limb, still you cannot return a verdict in his favor if you find that he was guilty of any negligence, even though slight, which contributed to his injury, as the doctrine of comparative negligence is not recognized in this State."

The court gave the instruction, modified by the omission of the words "even though slight." The criticism made is that the jury might have concluded that they were permitted to compare the negligence of plaintiff with that of defendant. In the same connection the court said to the jury:

"Was the plaintiff himself guilty of negligence which contributed to his injury? If he was, he cannot recover, and your verdict will be for the defendant in this case."

The court had previously instructed them that:

"Negligence is the commission or omission of some act which a reasonably prudent person would or would not have done under like and similar circumstances."

If plaintiff was negligent, it was because he attempted, as he did, to pick up or dislodge the knot. If his story is

believed, this was not an imprudent act, unless he knew, or had good reason to believe, that the suction created by the fans in the dust collector made it imprudent. He denies such knowledge, and denies that he was informed upon the subject. On the other hand, the defendant's negligence was established if the jury found that the plaintiff was employed at work dangerous to life or limb. Upon the whole, in view of the age of plaintiff, which the jury had the right to take into account, we think the charge given was a better statement of the applicable law than if the omitted words had been used. In any event, reversible error is not made out.

3. If our judgment were to be formed from the testimony of the witnesses, we should regard the correctness of the ruling refusing a new trial as most doubtful. The weight of evidence, so far as the record discloses it, appears to be strongly against the theory that the force exerted by the dust collector sucked or drew plaintiff's hand to the knives. But it appears that at the request of counsel for both parties the jury visited the defendant's mill, and there saw the planer in operation, and conducted various experiments. We do not, and cannot, know how these experiments affected the judgment of the jurors. It is a portion of the testimony submitted to them which we cannot weigh.

The damages awarded are not so clearly excessive as to require a reversal of the judgment and a new trial.

The judgment is affirmed.

Grant, Montgomery, Hooker, and Moore, JJ., concurred.