GIFFORD *v.* HAYNES AUTOMOBILE COMPANY.

[No. 10,896.    Filed June 28, 1922.    Rehearing denied November 16, 1922.    Transfer denied April 3, 1923.    Petition to reconsider denied June 6, 1923.]

MASTER AND SERVANT.— *Employment of Young Person.*— *Contributory Negligence.*—*Proximate Cause.*—In an action by a father for the loss of services of his seventeen year old son, who was employed by defendant to test automobiles and received fatal injuries in a wreck due to excessive speed in violation of orders given him, *held,* the defendant was not deprived of the defense of contributory negligence, notwithstanding, the son was employed without furnishing the affidavit required by §8022 Burns 1914, Acts 1899 p. 231, as such employment was not negligence *per se* nor the proximate cause of the injury.

From Grant Circuit Court; *J. F. Charles*, Judge.

Action by Samuel G. Gifford against the Haynes Automobile Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Myers, Gates, Ralston, Lairy, VanNuys & Barnard,* for appellant.

*Condo & Browne, Wolf & Barnes, Curtis W. Roll* and *George B. Shenk,* for appellee.

ENLOE, J.—Russell Gifford, deceased, the son of appellant, was born June 1, 1895, and on April 23, 1913, he was seventeen years ten months and twenty-three days old. He lived, up to this time, at home with his father who was at said time living in Logansport, Indiana. He was in the third year high school, but quit school in January to seek employment. He was rather large for his age, and, as his father testified, "a perfect specimen of young man." Sometime during the forenoon of April 23 he called at the office of appellee company and applied for work. On being asked as to his age, he said he was twenty-one years old, and told the agent of appellee, to whom he was talking, and to whom he had applied for employment, if he doubted his statement as to his age, to call his uncle, one Larry Ryan, who would confirm his statement as to his age. He further stated that he had had about five years experience in driving automobiles. Upon these statements he was given employment by appellee as a "tester," there being then a vacancy in that department. He was put in charge of one Wagner, then the overseer of the testing department, who, after instructing deceased as to his duties, and the manner in which cars should be driven while being tested, then took him to one Chase, a tester, who was to assist the deceased in getting his car ready to be driven. After the car had been arranged for driving, the deceased and said Chase left the factory for the pur-

pose of testing said car, by driving the same over the country highways. Chase drove the car away from the factory and for some distance in the country, when he placed the car in charge of said deceased, as the driver thereof. Shortly after the deceased took his place at the wheel to drive said car, and while he was driving the same, upon a country highway, said car was wrecked and the deceased sustained the injuries which later caused his death.

This action was brought by the father of said deceased, for damages on account of loss of services, etc. The complaint which was in one paragraph was answered by general denial, and the issues thus formed were submitted to a jury for trial, which returned a verdict in favor of appellee and with this verdict they also returned their answers to certain interrogatories which had been submitted to them. The appellant's motion for a new trial having been overruled he prosecutes this appeal, and his assignments of error necessitate a consideration of the following matters—As to the facts of this case, there is no material conflict, but the parties have widely divergent views as to the law which should govern. The questions presented for our consideration may be said to all relate to the one principal question as to what is the rule of law which shall govern.

It is conceded by the appellee that at the time of his employment, that said Russell Gifford was a "young person" as defined by the statute, §§8022, 8039 Burns 1914, Acts 1899 p. 231, Acts 1901 p. 36, and that no affidavit, as to his age, was procured as required by said §8022 Burns 1914, *supra.*

Since this action was brought the legislature has by the enactment of §28, Acts 1921 p. 337, §6674a *et seq.* Burns' Supp. 1921, settled and fixed the rights of the

Vol. 80—7

parties, in future litigation involving the question now under consideration.

The position of counsel for appellant, as stated in their brief herein, is, "that the employment in violation of the statute, is the proximate cause of the injury, *as a matter of law*," and that therefore any and all questions raised and presented by appellee, as to violation of orders by the deceased—violation of the statute of the state by operating a car upon the public highway at a greater speed than that allowed by the law—in short, all questions of contributory negligence on the part of the deceased, as having been the proximate cause of the injury, are and were foreign to any issue in the case; that the employment in violation of the statute having been established, and an injury also having been proved, the law declared the causal connection between the two, and fixed *the unlawful employment as the proximate cause of the injury* as an irrebutable presumption.

On the other hand the appellee contends that upon the facts of this case, there is no causal connection, as a matter of law, between the hiring and the injury, and that it was therefore permitted, under the law, to make the defense of contributory negligence on the part of said employe, as being the proximate cause of his injury and death. The statute which applies to the facts of this case is §8022 Burns 1914, *supra*.

The first part of the above section absolutely prohibits the employment of any child under the age of fourteen years, in the lines of industry therein designated. The next clause requires a registry to be kept of all employes under sixteen years of age, specifying what such registry shall contain. The next clause of said section and the part which applies to this case, is as follows: "* * * it shall be unlawful for any proprietor, agent, foreman or other person connected with a manu-

facturing * * * establishment, * * * to hire or employ any young person *to work therein* without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date, and place of birth of said young person * * *."

The appellant cites and relies upon the cases of *Waverly Co.* v. *Beck* (1913), 180 Ind. 523, 103 N. E. 332, and *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229, 39 Am. St. 389, as supporting the proposition thus announced. The Beck case was decided upon the authority of the Yedinak case, the court saying: "The case last cited so completely covers the law of this case, that it is useless for us to set out the numerous authorities therein noted."

In *Waverly Co.* v. *Beck, supra,* it was said: "Where one employs such 'young person' the laws of the State are violated and any injury sustained through the violation of these laws is actionable negligence and contributory negligence cannot be employed as a defense." While the language thus used is general, courts will look to the particular case, the particular matter then under consideration, in giving effect to such language.

An examination of the Yedinak case, *supra,* discloses that at the time he was employed the boy was under fourteen years of age, the court saying: "If appellee was in fact under fourteen years of age when he was employed, and under the evidence we think he was, then it is immaterial which of these conflicting statements is true. Appellant was positively forbidden to employ him until he was fourteen years old."

In the Beck case, *supra,* the appellee, a boy under sixteen years of age, was permitted, as a part of his employment, to operate an elevator, an employment absolutely prohibited by statute. Other cases which we have examined and which seem to support the appellant in his position herein are, *DeSoto Coal M. & Dev.*

*Co.* v. *Hill* (1912), 179 Ala. 186, 60 So. 583, (a boy thirteen is employed in a coal mine) ; *Starnes* v. *Albion Manufacturing Co.* (1908), 147 N. C. 556, 61 S. E. 525, 17 L. R. A. (N. S.) 602, 15 Ann. Cas. 470 (a boy under fourteen years employed in a cotton mill) ; *Sharon* v. *Winnebago F. Mfg. Co.* (1909), 141 Wis. 185, 124 N. W. 299 (a boy under sixteen operating a saw) ; *Standard, etc., Co.* v. *Monroe* (1919), 125 Va. 442, 99 S. E. 589 (a boy of twelve employed to work on a planer) ; *Strafford* v. *Republic Iron & Steel Co.* (1909), 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876, 128 Am. St. 129 (a young person operating an elevator). In each and all of the foregoing cases the employment in question was absolutely prohibited by statute; the incompetency of the "young person" to do the work in question had been, in effect, settled by legislative enactment; and it was held that there was a causal connection between such wrongful employment and the injury received, and that the defense of contributory negligence was not available to the defendant.

In the instant case there was no such declared incompetency; the young man was *competent* to be employed, the only requirement being that *affidavit of his age* be first obtained. It is self-evident that such affidavit could in no way affect the competency of the young person to do and perform the work of his employment.

The appellee insists that the employment of the deceased was not, as a matter of law, under the facts of this case, the proximate cause of his injury; that the question of proximate cause was one of fact for the jury; and that it was not precluded from making the defense of contributory negligence.

In the following cases, which were all actions for damages where the injured party had been employed under circumstances where no legal contract of employment could be made, the question of proximate cause was held

to be a question of fact for the jury. *Queen* v. *Dayton Coal & Iron Co.* (1895), 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. 935; *Lee* v. *Sterling Silk Mfg. Co.* (1909), 118 N. Y. Supp. 852, 134 App. Div. 123; *Pequignot* v. *Germain* (1913), 176 Mich. 659, 142 N. W. 1092; *Berdos* v. *Tremont & Suffolk Mills* (1911), 209 Mass. 489, 95 N. E. 876, Ann. Cas. 1912B 797; *Smith's Admr.* v. *National Coal & Iron Co.* (1909), 135 Ky. 67, 117 S. W. 280; *Darsam* v. *Kohlmann* (1909), 123 La. 163, 48 So. 781, 20 L. R. A. (N. S.) 881; *Miller Mfg. Co.* v. *Loving* (1919), 125 Va. 255, 99 S. E. 591; *Fitzgerald* v. *International Flax Twine Co.* (1908), 104 Minn. 138, 116 N. W. 475; *Jacobson* v. *Merrill Ring Mill Co.* (1909), 107 Minn. 74, 119 N. W. 510, 22 L. R. A. (N. S.) 309; *Lund* v. *Sargent Mfg. Co.* (1909), 158 Mich. 3, 122 N. W. 372; *Peters* v. *Gille Mfg. Co.* (1908), 133 Mo. App. 412, 113 S. W. 706, and that contributory negligence might be shown as a defense.

In the case of *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117, it was said: "In such a case the employer will not be liable merely because his act constituted a violation of law, but only if it proximately caused the injury complained of. Although the violation of such a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by the proof, or the action fails. Such causal connection is interrupted by the interposition between the negligence and the injury of an independent, responsible human agency." Citing authorities.

In *Norman* v. *Coal Co.* (1909), 68 W. Va. 405, 69 S. E. 857, 31 L. R. A. (N. S.) 504, the court said: "The doctrine of contributory negligence, however, is not based upon contract of employment, and is open as a defense in cases like this one." The court in a further discussion of the law applicable to the case said: "But

the employer is civilly liable only when he fails to observe the natural and probable consequences of his disobedience of the statute. That statute does not say that he shall be liable in civil damages to every boy under fourteen years who is injured while unlawfully in his service. It is absolutely silent as to civil damages. But we know that an employer may be held civilly liable by common-law principles when a youth under that age is injured because incapable of appreciating the dangers to which the employment subjected him. The employer must observe the incapacity of youth. But if a boy, though under fourteen years, is not so immature as is merely presumed from his age, and actually has knowledge and capacity to appreciate the dangers because of careful instruction, unusual experience, or precocious intellect, shall we say that he is entitled to civil damages because of the violation of a statute not made for his benefit? Shall we give one having capacity to avoid danger the benefit of inferences from a law that has been made in the interest of those not having that capacity? There is not a word in the statute itself which says civil liability shall exist because of failure to observe the mere age fixed. The statute indicates that protection from a generally presumed want of capacity in those under the age is the end it seeks. Therefore it is not violated in a sense to bring civil damages unless the employer has actually taken into his service one that he must reasonably know may be injured by reason of his own boyish inclinations. Though a boy may be a few days under fourteen years, it may be shown that he was so well instructed and experienced as to have even more appreciation of danger than one over that age.

"The common law permits the employer to prove that the boy was fully instructed and was capable of protecting himself from dangers and that it was his own fault

if he did not. The common law allows the defense of contributory negligence if facts are shown whereby it appears that under the law such negligence is attributable to the boy. If he has the sense to avoid dangers, the unlawful employment cannot hurt him in this regard, if he uses that sense. So we say that if the contributory negligence is not of that order against which the statute itself provides, it is not of that kind which must be anticipated as a probable consequence of a violation of the statute but comes from one who is shown to have the capacity to refrain from contributing to his own injury, it is an available defense.

"Some of the decisions hold that under no circumstances can contributory negligence avail in a case like the one at hand. But the weight of authority is the other way, and, to our minds, consistent with legal principles. The statute does not in words abrogate the defense. A civil action does not get its force from that statute. It only looks to the violation of the statute for evidence to support the action."

In *Beghold* v. *Auto Body Co.* (1907), 149 Mich. 14, 112 N. W. 691, 14 L. R. A. (N. S.) 609, the defendant was engaged in manufacturing auto and buggy bodies and other articles, using considerable machinery driven by steam and water power. The plaintiff was employed by the defendant while he was yet under sixteen years of age. It was averred in the declaration that the defendant's establishment was a manufacturing establishment and plaintiff was carelessly and negligently employed contrary to the provisions of §3 of Act No. 113, Public Acts 1901 p. 157. In passing upon the matters presented, the court said: "The principal and meritorious question is whether plaintiff by his own negligence contributed to his injury. * * * The general rule is that a plaintiff cannot recover damages if the injury could have been avoided by the exercise of ordi-

nary or reasonable care on his part.   This rule obtains in cases where the negligence of the defendant is negligence in law, arising from violation of the statute.   (Citing authorities.)   *   *   *   Although the employment of plaintiff was in violation of a statute, and, let it be added, of a statute which recognizes the fact that a boy under the age of 16 years is more likely to act from impulse and with less judgment than a man, the injury is so clearly one resulting entirely from the carelessness of the plaintiff that the court should have withdrawn the case from the jury."

In *Steele Car Forge Co.* v. *Chec* (1911), 184 Fed. 868, 107 C. C. A. 192, the plaintiff, a boy under the age of sixteen years was employed to work in the factory of defendant—operate a drill press therein.   The action was brought under §8022 Burns 1914, *supra,* and the plaintiff had a verdict and judgment in his favor.   Upon appeal the Circuit Court of Appeals, said:   "Wherever the policy of the law is that a child cannot assume certain responsibilities and perform certain labor with safety, it is the permitting of the child to accept those responsibilities and to do such work in violation of the law which is regarded as the proximate cause of any injury which may happen to the child during the course and within the scope of his employment.   It is the unlawful employment resulting in an illegal overtaxing of the infant, which constitutes the actionable negligence. The law declares that children within the prohibited age are not possessed of the strength, judgment, and care necessary for their own safety while engaged in a dangerous pursuit.   A person employing a child within the prohibited age is presumed to know what, if any, legal disability exists, and must ascertain under all circumstances whether the employed child is of the proper age to perform the work required.   The employment of children under fourteen years of age was prohibited because

in the minds of the legislators the natural consequence of such employment would be an accident to the child. It is therefore the doing of a thing prohibited by law, which might result in injury, that is the negligence chargeable to the employer, and the causal connection between the negligence and the injury consists in the presumption of law that the employment of itself will result in accident or injury to the minor.   *   *   *

"With respect to that portion of the statute which has regard for children between the ages of 14 and 16 years, the situation is very different from that which prohibits the employment of children under the age of 14 years.   It is apparent that it was the policy of the State of Indiana to prohibit the employment of children under the age of 14 years, and it is equally apparent that the prohibition did not run against the employment of children between the ages of fourteen and sixteen years.   We must determine, therefore, why the Legislature prohibited children under fourteen from working under any circumstances and permitted children between the ages of fourteen and sixteen to work under some circumstances.   To interpret this statute properly we must look to the evil aimed against.

"It is clear from the wording of the statute that children between the ages of fourteen and sixteen years could work, provided they were able to read and write simple English sentences, and provided, further, that the public schools in the place where the child lived were not in session during the employment.   The language is clear and simple and indicates that the Legislature intended to force attendance in the public schools, of all children under the age of sixteen years.   The mental advancement, and not the physical protection of the child, is the undoubted purpose of this provision. That this is true follows necessarily from the fact that during the vacation period in the public schools children

between the ages of fourteen and sixteen years might work, and during that time no discrimination is made between children of advanced mental capacity and those more ignorant. Certainly a minor over fourteen years of age who cannot read and write simple sentences in the English language is just as likely to be injured during the vacation period of the public schools as he would be if all the schools were in session. The fact of the schools being open would in no measure increase the liability to accident, and the fact that it was vacation would not protect the children from injury. In addition to this, a minor who is blind is exempt from the prohibition of the statute. * * *

"Inasmuch as children between the ages of fourteen and sixteen years are permitted to work, providing school is not in session, it is difficult to see what causal connection exists between the unlawful employment and the accident, where the child is employed during school time. There was no relation of cause and effect between the omission on the part of the plaintiff in error to observe the provisions of the statute, and the infliction of the injury upon the defendant in error in this case. In no way can it be said that the failure to observe the statutory requirements had a tendency to bring about the accident complained of."

In *Morris* v. *Stanfield* (1899), 81 Ill. App. 264, the plaintiff, a boy of thirteen years was employed to work at a saw table in the defendant's slaughter house, the employment was, under the circumstances, unlawful. The trial court, by instructions, *left it for the jury to say* whether the injury incurred to plaintiff "by reason of being employed" in such place of business. The jury, by their verdict, found the employment to have been the proximate cause of the injury, and on appeal the court said the instructions were not erroneous.

In *Kirkham* v. *Wheeler-Osgood Co.* (1905), 39 Wash.

415, 81 Pac. 869, 4 Ann. Cas. 532, the plaintiff, a boy of about twelve years, was in the employ of defendant, in its factory. He was injured while trying to remove a splinter from a "sticker machine" used in the manufacture of fence pickets. The statute forbade the employment of children under fourteen years at such work. The question of contributory negligence was, by instruction, submitted to the jury, and the supreme court approved such instruction.

In *Sterling* v. *Union Carbide Co.* (1905), 142 Mich. 284, 105 N. W. 755, the plaintiff, a boy under sixteen years of age, was employed by defendant to work in its factory. He was operating a corrugating machine at the time he was injured. His employment was absolutely forbidden by the statute, because of his age. His hand was caught and injured while he was operating this machine at which he had been placed and which it was his business to operate. The court held that the causal connection between his wrongful employment and injury was clear, but the court further said that *the trial court did right in submitting the question of contributory negligence of plaintiff* to the jury.

In *Evans* v. *American, etc., Co.* (   ), 42 Fed. 591, United States Circuit Court for Northern District of Ohio, the plaintiff, a boy, had been employed in violation of the statute. The court, by instruction, submitted the question as to whether the plaintiff had been guilty of negligence which proximately caused his injury, to the jury.

In *Peters* v. *Gille Mfg. Co.*, *supra,* the plaintiff was seventeen years of age. He was employed about machinery in violation of law, and received an injury, for which he brought suit. On the trial the court submitted the question as to his alleged contributory negligence to the jury. On appeal, this action was approved.

In *Moran* v. *Dickinson* (1910), 204 Mass. 559, 90 N.

E. 1150, 48 L. R. A. (N. S.) 675, the plaintiff had been employed by defendant to run a freight elevator—employment prohibited by statute by reason of his age, sixteen years. The question was presented as to contributory negligence by violation of the law, and the court said that whether the plaintiff's violation of law was the cause of his injury, was a question for the jury.

In the case of Norman v. Virginia Coal Co., supra, where the plaintiff, a boy, had been employed in violation of the statute, the court, after quoting from various authorities says,—"The true question to be determined in an action based upon a failure to obey a statute like the one under consideration is: Did the unlawful employment cause the injury? The trial of the case must be guided by this question. If the injury complained of is a natural and probable consequence of a violation of the statute, then that violation is correctly taken as a proximate cause of the injury. If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the non-observance of the law. But if the injury is one that happened by causes independent of the violation of the statute, it is not actionable on the basis of that violation. If an intervening event against which the statute evidently did not intend to provide, and the appearance of which was not anticipated by the spirit and purpose of the act, has in fact caused the injury, that event is plainly the proximate cause.

"The statute does not provide that an employer shall respond in damages for all injuries sustained by a boy under fourteen years through employment in a coal mine. It merely provides that the employer shall be guilty of a misdemeanor and punished therefor. While the boy may have a civil remedy for the injury sustained in the unlawful employment and resort to the violation of the statute for evidence of the negligence

which caused the injury, still the statute does not say, or even imply, that the employer shall respond in damages other than those given by the common law. The statute does not put an absolute liability on him for civil damages. It puts no liability on him in that regard. But it may be shown that he is liable for damages at the common law for an injury sustained by reason of its violation. So as a matter of law it cannot be said that the employer is chargeable in damages with all injuries that result. The evidence must prove that he is chargeable—that the injury indeed proceeded from the unlawful employment. * * *.

"In most cases, it is for the jury to say whether the boy contributed to his injury by the immaturity, indiscretion and heedlessness belonging to his age, which contributing to his injury the employer should anticipate as a natural consequence of unlawfully employing him, or whether he possesses such unusual capacity and appreciation of danger, or so willfully contributed to his own injury, as to have done that which was not an anticipated consequence of the unlawful employment."

That the wrongful employment is to be considered simply as evidence of negligence is held by many courts. See *Klicke* v. *Allegheny Steel Co.* (1912), 200 Fed. 933, 119 C. C. A. 317.

In 4 Thompson, Negligence §3827, it is said: "Upon this subject one idea is, that the hiring of a boy under twelve years of age in violation of a statute declaring it to be a misdemeanor, constitutes negligence *per se,* such as will render the employer liable for all injuries suffered in consequence of and in the course of the employment. Another view is, that to employ a child in violation of such a statute to operate a dangerous machine is *evidence of negligence* in case the child is injured while so working because the statute indicates that such children are unfit, by reason of their imma-

turity and indiscretion to be so employed. But the view which more nearly comports with judicial analysis is, that such an unlawful employment of a child does not *per se* constitute negligence which will render the employer liable for injuries to the child, where such employment is not the direct and proximate cause of the injury." Many authorities are cited by the author to sustain the rule last above announced.

In 26 Cyc 1230 it is said: "It is very generally held that the failure of the master to comply with statutory requirements for the safety of his servants does not deprive him of the defense of contributory negligence, unless the terms of the statute are such as to clearly exclude such defense."

In the case of *The Lords, etc.,* v. *The Corporation of etc.* (1870), 5 L. R. Ex. 204, it was said by Kelly, C. B.: "The rule of law is, that negligence to render the defendant liable, must be the *causa causans* or the proximate cause of the injury, and not merely a *causa sine qua non.*"

The trial court submitted to the jury the questions of proximate cause and of contributory negligence, and in this it did not err.

Various objections were made by the appellant, upon the trial, to the admission of certain testimony. These objections had their foundation, as being incompetent, upon the theory of appellant, that the *hiring* of the deceased was, in law, the proximate cause of his injuries and death. What we have heretofore said herein disposes of this contention.

The giving of certain instructions and the refusal to give others, requested by the appellant, is also urged as error, but a careful reading of the instructions given convinces us that those given are expressive of the law, as it applied to the facts of this case, and that those which were refused, did not so express the law.

The jury, in answer to interrogatories submitted to them found that the proximate cause of the death of said Gifford, was the loss of control and the breaking down of a wheel of said car, due to the excessive speed at which the same was being driven by the deceased, in violation of orders given him by appellee in reference thereto.

We find no error in this record. Judgment affirmed.

Nichols, P. J., and Dausman and McMahan, JJ., concur.

Batman, C. J., and Remy, J., dissent.