IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1924, AND MAY AND NOVEMBER TERMS, 1925, IN THE ONE HUNDRED TENTH YEAR OF THE STATE.

---

IDEAL LAUNDRY AND DRY CLEANING COMPANY *v.* MACKOWIAK.

[No. 11,679. Filed April 25, 1924. Rehearing denied June 25, 1924. Transfer denied April 22, 1925.]

1. PLEADING.—*Plea in abatement in action for personal injuries showing that cause of action sued on was within the Workmen's Compensation Law and that Industrial Board had exclusive jurisdiction was insufficient on demurrer.*—In an action for personal injuries sustained by a fourteen year old girl while working in defendant's laundry, a paragraph of answer denominated a "plea in abatement" which alleged facts which defendant claimed brought the case within the Workmen's Compensation Law and therefore the exclusive jurisdiction was vested in the Industrial Board, was subject to demurrer, since the only effect of the facts pleaded was to challenge the plaintiff's right to recover in an action at law, and must have been pleaded in bar. p. 10.

2. MASTER AND SERVANT.—*Complaint held sufficient to state cause of action for personal injuries to a child while operating a "mangle" in a laundry.*—A complaint for injuries sustained by a fourteen year old girl while working in defendant's laundry which alleged that plaintiff was directed to operate a "mangle," a machine which contained revolving cylinders which pressed the articles to be ironed against a heated surface with great force; that the operator of the machine fed into it the articles to be ironed, which process was attended with great danger because the hands of the operator were likely to be drawn in between the cylinders and crushed, and that plaintiff was injured while operating said mangle, was sufficient on demurrer. p. 10.

3.  APPEAL.—*Striking out paragraph of answer involving the same question that had been ruled on before does not constitute reversible error.*—The action of the trial court in striking out a paragraph of answer, whose sole purpose wâs to present a jurisdictional question that had been ruled on by the court and exception granted to appellant, could not constitute reversible error.   p. 12.

4.  JURY.—*Court has wide discretion in regulating examination of prospective jurors.*—The trial court has a wide discretion in regulating the examination of prospective jurors touching their competency as jurors.   p. 12.

5.  JURY.—*Refusal of court to permit the questioning of prospective jurors as to their attitude toward the Workmen's Compensation Law held proper.*—In the examination of prospective jurors, irrelevant questions should be excluded; consequently, in an action for personal injuries sustained by a fourteen years old girl while working in defendant's laundry, the refusal of the court to permit the defendant to question prospective jurors as to their attitude toward the Workmen's Compensation Law was proper.   p. 12.

6.  EVIDENCE.—*Refusal to allow witness to answer question as to use of specific kind of machinery in witness' laundry held not error.*—In an action for personal injuries sustained by a girl while operating a machine called a "mangle" in defendant's laundry, the court's refusal to permit a witness to answer the question "Do you use calender rolls in your laundry?" was justified on either of two theories, viz.: that the question called for a conclusion and that the question was highly technical and not within the realm of common knowledge, or it may have been rejected because it did not refer to defendant's laundry nor to the particular machine at which plaintiff was injured.   p. 12.

7.  EVIDENCE.—*Testimony as to condition of machine at time of trial was irrelevant and properly excluded.*—In an action for personal injuries sustained by plaintiff while operating a "mangle" in defendant's laundry, the exclusion of evidence as to whether the machine at which the plaintiff was injured contained calender rolls at the time of the trial was not error, as such evidence was irrelevant.   p. 13.

8.  APPEAL.—*Error in instructions not available to party requesting the giving of equivalent instructions.*—A party who has requested the giving of instructions on the same theory as those given by the court cannot complain that the instructions given were on an erroneous theory.   p. 14.

9.  MASTER AND SERVANT.—*Contributory negligence of minor unlawfully employed in laundry not available defense.*—In an action for personal injuries to a minor unlawfully employed in

Ideal, etc., Cleaning Co. *v.* Mackowiak—83 Ind. App. 1.

defendant's laundry to operate a "mangle," the defense of contributory negligence is not available (*Gifford* v. *Haynes Automobile Co.*, 80 Ind. App. 95, distinguished). p. 14.

10. APPEAL.—*Appellate tribunal may not add to, or subtract from, what is legitimately in the record, and must ignore matter in transcript which is not legally a part of the record.*—An appellate tribunal may neither add to, nor subtract from, what is legitimately in the record, and it must ignore matter found in the transcript which is not legitimately a part of the record. p. 15.

11. APPEAL.—*All presumptions are in favor of trial court.*—All presumptions are in favor of the correctness of the rulings of the trial court. p. 15.

12. APPEAL.—*Duty of appellate tribunal to adopt interpretation of ambiguous record that will sustain the judgment.*—If any part of the record on appeal is ambiguous, it is the duty of the appellate court to adopt that interpretation which tends to sustain the judgment, and to scrutinize the record carefully so that no reversal may rest on conjecture. p. 15.

From St. Joseph Superior Court; *Chester R. Montgomery*, Judge.

Action by Hattie Mackowiak against the Ideal Laundry and Dry Cleaning Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the second division.

*Shively, Gilmer & Doran* and *Walter R. Arnold,* for appellant.

*Walter A. Rice* and *Louis M. Hammerschmidt,* for appellee.

This action was instituted by Hattie Mackowiak (hereinafter designated "the plaintiff") by her next friend Martin Mackowiak, against the Ideal Laundry and Dry Cleaning Company to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. In so far as necessary to an understanding of the matters here involved, the material averments of the complaint are as follows:

"That the defendant owned and operated a laundry in which laundry machinery was used; that on Sept. 24, 1919, the defendant by an agreement in writing

employed the plaintiff to work in its laundry in the capacity of a shaker and folder; that the plaintiff continued to work as a folder of articles for a period of about six weeks; that at the end of that period the defendant, by its foreman, and in violation of the agreement and contrary to law, directed and ordered the plaintiff to operate a mangle; that the mangle is a machine used by the defendant in its laundry to iron articles and consists, together with other parts, of a projecting shelf in the nature of a table, a revolving cylinder or cylinders which pressed articles against a heated surface with great force in order to iron the articles which were fed into the machine and under the cylinder or cylinders; that it was necessary that the person operating the mangle should feed into it the articles to be ironed and the process was attended by great danger to the operator, especially to the young and inexperienced, in that there was likelihood of getting the hands caught in the mangle, which was well known to the defendant; that without any knowledge of the dangerous character of the work she was performing, and obedient to the directions of the defendant's foreman, she operated the mangle for a period of three or four weeks, and until Nov. 26, 1919, at which time she was aged 14 years and 4 months; and that the defendant knew her age.

"That on the last named date the plaintiff was operating the mangle without knowledge of how to avoid the danger incident to the operation thereof; that on account of her youth and inexperience she was likely to have her hands caught in the mangle and thereby crushed and burned; that on the last-named date the defendant employed the plaintiff to operate the mangle; that the employment was in violation of §5 of the act of the General Assembly of the State of Indiana, entitled 'An Act concerning the employment of children,

Ideal, etc., Cleaning Co. *v.* Mackowiak—83 Ind. App. 1.

and providing penalties', approved March 6, 1911; that after the employment, the defendant carelessly, negligently and unlawfully put the plaintiff at the work of operating the mangle, without giving her any instructions whatsoever for the operation of the mangle or how to avoid injury thereby; that while the plaintiff was unlawfully operating the mangle by feeding towels therein her left hand caught in the edge, or became entangled in the wring of a towel, and was drawn into the machine, thereby crushing and bruising all the fingers and the thumb of that hand and burning the hand and fingers; that by reason thereof she has ever since been unable to use the hand, thumb and fingers, was thereby made a permanent cripple, has suffered great pain and anguish, and has been damaged in the sum of $10,000."

The defendant filed a pleading which it denominated a "plea in abatement." The following are the material averments of the first paragraph of the so-called plea in abatement:

"That on September 24, 1919, the defendant employed the plaintiff in the capacity of a shaker and folder; that the employment was lawful; that at all times mentioned in the complaint the relation of employer and employee, within the meaning of the compensation law, existed between the parties; that neither party had taken any step to acquire exemption from the provisions of the compensation law; that the plaintiff's injury described in her complaint arose out of and in the course of the employment; and that the court has no jurisdiction of the subject of the action but that jurisdiction thereof is vested exclusively in the Industrial Board."

The second paragraph of the so-called plea in abatement avers the same facts as the first, with respect to the employment, the relation of the parties and the compensation law; and then adds the following:

"That the plaintiff wrongfully, unlawfully and contrary to the directions, instructions and orders of the defendant, upon her own initiative, without any necessity or direction so to do, undertook and assumed to operate a certain flat-work ironer, without the knowledge or consent of the defendant; that while wrongfully, unlawfully and against the express orders of the defendant, the plaintiff was attempting to operate the ironer, she suffered the injury described in her complaint; that she suffered the injury solely because of her wrongful, disobedient and unlawful conduct in total and reckless disregard of express orders and admonitions of the defendant not to approach or attempt to operate the ironer; that her injury arose out of and in the course of her employment and solely because of her wilful failure or refusal to obey the instructions and directions of the defendant; and that she cannot maintain her action herein because the court is without jurisdiction in the premises."

A demurrer to each paragraph of the so-called plea in abatement was sustained. A demurrer to the complaint was overruled.

The memorandum accompanying the demurrer specifies three particulars wherein the complaint is insufficient for want of facts, viz.: (1) That the complaint fails to aver that the defendant employed or permitted the plaintiff to operate any machine or machinery named in §5 of the statute mentioned in the complaint; (2) that the complaint fails to negative the presumption that the plaintiff's remedy, if any, is by virtue of the compensation law; and (3) that to construe §5 of that statute to mean that it shall be unlawful to employ or permit any child under the age of sixteen years to operate laundry machinery of any kind, would bring the statute, to that extent, in conflict with the Fourteenth

Ideal, etc., Cleaning Co. *v.* Mackowiak—83 Ind. App. 1.

Amendment to the Federal Constitution and in conflict with §23 of Art. 1, and §20 of Art. 4, of the Constitution of Indiana.

The defendant filed answer in two paragraphs, the first being the general denial. The second paragraph contains the same averments embodied in the so-called plea in abatement, with the following additional matter injected:

"That prior to the employment the plaintiff presented to the defendant a certificate from the school official showing her age, date and place of her birth, and that she had passed the fifth grade in the common schools; and procured from the defendant a signed statement showing that the defendant was about to employ her, and the place and character of the proposed employment."

On motion of the plaintiff, the second paragraph was stricken.

The trial resulted in a verdict for the plaintiff in the sum of five thousand dollars. The defendant's motion for a new trial was overruled and its motion to arrest judgment was overruled. Judgment was rendered accordingly.

The transcript contains three bills of exceptions of the following import:

Bill No. 1 shows the instructions given. Bill No. 2 shows that in the course of the defendant's examination of the prospective jurors touching their competency, certain objections were sustained as follows:

"Frank Emerson, who was subsequently accepted as a juror, was asked:

"Q. Now, if it should develop in the course of the trial, as it doubtless will, that the plaintiff has sustained an injury while she was employed and it is of such a nature, the circumstances are such that it should be settled by the Workmen's Compensation Board, would

you if the court so instructed you—(Objection sustained).

"Q.   Have you filed any claim under the workmen's compensation act?   (Objection sustained.)

"Albert Slusser· was asked:   Q.   Have you any prejudice against the workmen's compensation act? Ans. Yes, sir.   (Objection sustained after answer given.)

"The defendant was not thereafter permitted to question prospective jurors concerning any possible prejudice they might have against the workmen's compensation act."

Bill No. 3 shows the following:

"(1)   That Nellie C. Warren testified as a witness for the plaintiff; and that, on cross-examination, in response to questions put to her by defendant's counsel, she testified as follows:

"Q.   Was this particular machine that you saw there a calender roll, this mangle at the Ideal, or rather did it have calender rolls in it, the machine that you saw down there and have described?   A.   I have called it a mangle all the time.   Q.   It didn't have any calender rolls in it, did it?   A.   Had these long rolls rolling over this heated surface.   Q.   But they weren't calender rolls, were they?   A.   Yes.   Q.   They were?   A.   Yes."

"(2)   That after the plaintiff had rested and the defendant had entered upon the task of adducing its evidence, one Antoinette Crockett was called as a witness for the defendant and on direct examination was asked, among other questions, the following:   Q.   Do you use calender rolls in your laundry?   (The plaintiff objects to the question for the reason that it calls for the conclusion of the witness and is leading.)

"The defendant offers to prove that if the witness is permitted to answer the question, she will say 'Yes.' The defendant offers to follow said question with other

questions showing that the only calender rolls that are used in the Ideal Laundry are those used on collar machines and that the particular machine upon which the plaintiff was injured did not contain calender rolls. (The court sustains the objection.)    Exceptions were reserved to the rulings disclosed by these bills."

"(3) That one Harrison M. Crockett was called as a witness for the defendant and on direct examination was asked the following question, among others:    Q. State whether or not this particular mangle on which Hattie Mackowiak was injured contains calender rolls. (The plaintiff objects to the question for the reason that it is immaterial.)

"The defendant offers to prove, if the witness is permitted to answer the question, that the witness will answer in the negative, that said machine contains no calender rolls; and if permitted to educe such evidence, defendant proposes to follow the question by others to show that the only calender rolls in the Ideal Laundry at the time of the injury in question were contained in the collar machine.    (The court sustains the objection.)"

The errors assigned challenge the action of the court in the following particulars:    (1) In overruling the demurrer to the complaint; (2) in sustaining the demurrer to each paragraph of the so-called plea in abatement; (3) in sustaining the motion to strike the second paragraph of answer; (4) in overruling the motion for a new trial; and (5) in overruling the motion to arrest judgment.

DAUSMAN, P. J.—In disposing of the assignment of errors, we will follow the order of events as they occurred in the trial court.

The so-called plea in abatement rests on the proposition that the court had no jurisdiction of the subject of the action for the reason that if the defendant is

liable at all, it is liable solely by virtue of the Workmen's Compensation Law. The proposition involves a misconception of the meaning of jurisdiction of the subject of the action. Whether or not the court had jurisdiction of the subject of the action must be determined by the answer to the question, Did the court have jurisdiction of the class of actions to which this action belongs? Undoubtedly this is a civil action—an action at law; and, by referring to the appropriate statute, it may be readily ascertained that the court had general jurisdiction of the class of actions to which this one belongs. §1588 Burns 1926, §1575 Burns 1914, Acts 1913 p. 35; *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337; 1 Watson, Revision Work's Practice §501. The averments in the so-called plea in abatement do not even tend to controvert the jurisdiction of the court. They could be available only in an answer in bar, since their only effect is to challenge the plaintiff's right to recover in an action at law. *Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 585. The court did not err in sustaining the demurrer to the so-called plea in abatement.

The three specifications in the memorandum accompanying the demurrer to the complaint will be considered together. They are merely three different ways leading to the same question, viz.: Does the complaint aver facts sufficient to show that the employment was unlawful? The defendant's contention was that §5 of the statute, commonly known as the Child Labor Law (§8022e Burns 1914, Acts 1911 p. 511), should not be interpreted so as to make it unlawful to permit a child to operate any laundry machinery, but should be interpreted so that the inhibition would be applicable only to a case where a child is permitted to operate "calender rolls in laundry machinery." With respect to this feature, the attitude of defendant's

counsel is peculiar. They assumed that the statute is subject to two interpretations. They urged that, on one interpretation, the complaint is bad because that interpretation would render the statute unconstitutional. They also urged that, on the other interpretation, the complaint is bad because it does not specifically aver that the plaintiff was permitted to operate "calender rolls in laundry machinery." When read attentively, it will be observed that the complaint avers that the plaintiff was ordered and directed to operate a laundry machine known as a mangle; that the mangle contained certain revolving cylinders which pressed with great force the articles to be ironed against a heated surface; that the articles to be ironed had to be fed into the machine and under the cylinders by the operator; and that the operation of the machine was attended by great danger, for the reason that the hands of the operator were likely to be caught therein. From this description, it sufficiently appears that the rolls or cylinders work on the principle of a calender. Whether or not they are entitled to be called "calender rolls" must depend, of course, upon the evidence. If counsel for the defendant were of the opinion that the description left a doubt as to the precise character of the rolls, they should have moved the court for an order requiring the plaintiff to make her complaint more definite and certain in that respect. In this connection, it should be noted that it is impossible to know from the ruling on this demurrer what, if anything, the trial court decided concerning the defendant's contention. Evidently the court was of the opinion that the complaint is good on some theory; but, as to the two theories presented by the defendant, we do not know which one was adopted. Indeed the court may have been of the opinion that the complaint is good on either theory. The court did not err in overruling the demurrer.

We are informed by the appellant's brief that the sole purpose of the second paragraph of answer was to present the jurisdictional question—the identical question previously presented by the demurrer to the so-called plea in abatement. On that theory, the action of the court in striking it from the record could not constitute reversible error; for the reason that the defendant had previously procured a positive ruling on the same question, to which ruling an exception had been duly given, and the question therein involved has been reviewed in this opinion. See *Weideroder* v. *Mace* (1916), 184 Ind. 242.

The trial court has a wide discretion in regulating the examination of prospective jurors touching their competency to sit as fair and impartial triers of the facts. But it is uniformly held that questions which are irrelevant should be excluded. *Martin* v. *Lilly* (1919), 188 Ind. 139; *Goff* v. *Kokomo Brass Works* (1909), 43 Ind. App. 642; 2 Elliott, Gen. Prac. §517. Counsel have not pointed out, nor have they even suggested, in what respect a juror's attitude toward the compensation law might influence him in the discharge of his duty in the case at bar. We are unable to conceive how a consideration of that law could possibly come within the province of the jury. We are of the opinion that the questions were entirely irrelevant and that the objections thereto were properly sustained.

Whether the question asked Antoinette Crockett was incompetent because of the particular grounds stated in the objection depends upon the attitude of the parties toward the subject of calender rolls. The record suggests that one of the questions in dispute was whether or not the machine at which the plaintiff received her injuries contained calender rolls. The complaint does not use the words "calender rolls." But it does contain a description of certain cylinders

or rolls which constituted a part of the machine. Were they in truth calender rolls? The words "calender rolls" may be highly technical and not within the realm of common knowledge. In that event, the question was for the jury, and both court and jury were entitled to be enlightened by evidence on the subject. On that basis, the objection was properly sustained on the grounds therein stated. But the ruling would not constitute error if valid on any other ground. The court may have been of the opinion that because of the form in which it was asked, the question could be properly answered only by an expert. The record does not disclose that the question relates to the defendant's laundry. Certainly it does not relate to the particular machine at which the plaintiff received her injury. For aught that appears from the record, the question was wholly irrelevant. The offer to follow the question by other questions is wholly without force; for the defendant's right, if any, to prove by subsequent questions and answers the things mentioned, did not depend in the least upon the answer to the first question.

The plaintiff was injured November 26, 1919; the complaint was filed November 2, 1920; and the trial commenced on June 6, 1922. The question asked the witness Harrison M. Crockett related to the time of the trial. Of course, the rolls might have been removed from the machine at some time between the date of the accident and the date of the trial. The defendant announced its purpose to follow the inquiry with other questions "to show that the only calender rolls in the Ideal Laundry *at the time of the injury* in question were contained in the collar machine." (Our italics.) We do not know what, if anything, was said by counsel or the court on this subject in addition to what is shown by the bill of exceptions. But the bill forcefully suggests that the objection to the question

was sustained because it did not call for the mechanism of the machine—as to whether or not it contained calender rolls—at the time of the injury. There is nothing in that ruling which precluded counsel for the defendant from asking all the questions they desired to ask concerning the mechanism of the machine at the time of the injury. The action of the court in sustaining the objection was not erroneous.

Counsel for the appellant have combined in their brief instructions numbered respectively 1, 2, 5, 6 and 8, and they assert that each instruction in the group is 8. erroneous for the reason that therein "the jury were told that if they found that the plaintiff was authorized by the defendant at the time of the injury *to feed the mangle,* she was illegally employed and their verdict should be for the plaintiff." (Our italics.) None of those instructions is subject to that criticism; for the reason that none of them contains the words on which the criticism is based. Nor does any instruction contain any statement which may be rightfully interpreted to mean what the criticism assumes to be its meaning. Whether the mangle was in truth such a machine as comes within the statute was a question for the jury under proper instructions. By the instructions, the court did not invade the province of the jury. Furthermore, the instructions requested by the defendant rest on the assumption that the mangle was a machine which the defendant was prohibited from employing or permitting the plaintiff to operate, and disclose that the only defense was that, at the time of the injury, the plaintiff was "feeding the mangle" in violation of the express orders of her employer.

The eighth instruction is not vulnerable on the ground that it eliminates contributory negligence 9. as a defense. The principle on which contributory negligence was held to be available in the

case of *Gifford* v. *Haynes Automobile Co.* (1922), 80 Ind. App. 95, 136 N. E. 88, is not applicable to the case at bar.

There is no contention that the evidence is not sufficient to sustain the verdict. An impressive feature of this appeal is the fact that there has been no attempt to bring the evidence into the record.

In this connection, some consideration must be given a feature which, although of great importance in our system of jurisprudence, is too often ignored. The trial courts occupy a momentous field in the administration of justice. A great work has been committed to them. A great responsibility rests upon them. They are clothed with ample power to render unto every litigant that which is his due under the law and the facts. In comparison with an appellate tribunal, a trial court has a free hand. It may freely correct its own errors, where its attention is called to them in time. Within the limits of the law, it may grant new trials; and the law is generous in that respect. Usually when the trial court acts, it has before it the litigants or their counsel or both. The trial judge observes the conduct of litigants, counsel, witnesses and jurors, and occupies an advantageous position for forming opinions and drawing conclusions with respect to all matters of fact. In an appellate tribunal, the situation is different. All we know, all we can know, concerning a controversy is what the record discloses. And the record comes to us in cold type. It is rigid. This court may neither add to, nor subtract from, that which is legitimately in the record; and must scrupulously ignore whatever may be found in the transcript which is not legitimately a part of the record. All presumptions are in favor of the correctness of the rulings of the trial court. If any part of the record is ambiguous, it is the duty of this court to adopt that interpretation which tends to

sustain the judgment. It is also the duty of this court to scrutinize the record, lest it misapprehend the effect thereof; for a reversal must not rest on conjecture.

In the oral argument, counsel for the appellant urged with great earnestness that the trial court misinterpreted that part of the statute which is applicable to this cause (§8022e Burns 1914, *supra*); but a thorough investigation reveals that no question concerning the interpretation of the statute is presented by the record.

When the record has been tested and appellant's briefs have been considered in accordance with the rules of appellate procedure, it becomes apparent that no error has been shown in the ruling on the motion for a new trial.

The motion to arrest judgment is based on the proposition that the complaint does not state a cause of action. That question has been considered. The motion was properly overruled.

Judgment affirmed.

### DISSENTING OPINION.

NICHOLS, J.—I do not agree with the conclusion reached by the majority of the court. There is no averment in the complaint that appellee was employed *in the operation of calender rolls in laundry machinery,* and unless she was so employed, she was not unlawfully employed. The complaint avers that at the time of her injury appellee was operating "a mangle which is a machine used by defendant in its place of business to iron articles by machinery, and is a laundry machine, consisting with other parts, of a projecting shelf in the nature of a table and a revolving cylinder or cylinders that pressed articles against a heated surface with great force in order to iron the articles that were fed into said machine and under said cylinder or cylinders." There is no suggestion that there were calender rolls

Ideal, etc., Cleaning Co. v. Mackowiak—83 Ind. App. 1.

connected with such laundry machinery. Appellee seems to have assumed that the statute in force at the time of the accident, being §5 of the Child Labor Act of 1911, Acts 1911 p. 511, §8020e Burns 1914, prohibited the employment of a minor under sixteen years of age in the operation of laundry machinery, but I do not so read the statute. So far as here involved it provides that "any child under the age of sixteen (16) years shall not be employed or permitted to operate circular or band saws, * * * wire or iron straightening machinery, rolling mill machinery, punch or shears, grinding or mixing mills, *calender rolls in rubber manufacturing or laundry machinery,* corrugating rolls of the kind used in roofing or washboard manufacturing." (My italics.) That it is the duty of the court to construe a statute according to the obvious meaning and import of the terms used therein, is well established. *Green* v. *Cheek* (1855), 5 Ind. 105; *Townsend* v. *Meneley* (1905), 37 Ind. App. 127, 74 N. E. 274, 76 N. E. 321. The application of this rule to this statute compels this court, in my opinion, to say that it was not the operation of all laundry machinery that was prohibited, but only the operation of *calender rolls* in laundry machinery. §22 of the School Attendance Act, Acts 1921 p. 352, the legislature has so changed the law here involved as to prohibit the employment of children under sixteen years of age in operating any laundry machinery, which is in harmony with appellee's contention as to the meaning of §5, *supra*. If it so meant before the enactment of §22, *supra*, then the legislature of 1921 did a useless thing. It plainly appears by the language above quoted that it did not so mean, hence the change.

From the averments of the complaint it does not appear that appellee was unlawfully employed. It was

incumbent on her to aver and prove such facts as would show her right to sue at law for her injuries. *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 176. It is presumed, nothing appearing to the contrary, that every employer and every employee have accepted the provisions of the Workmen's Compensation Act respectively to pay and to accept compensation for personal injury by accident arising out of and in the course of the employment, and shall be bound thereby, unless notice of non-acceptance shall have been given prior to the accident, as required by the act. Acts 1919 p. 673, §9447 Burns 1926, §8020m Burns' Supp. 1921. And the rights and remedies granted to an employee subject to the act, on account of personal injury by accident, excludes all other rights and remedies of such employee at common law or otherwise on account of such injury. Acts 1915 p. 392, §9451 Burns 1926, §8020pp Burns' Supp. 1921. Appellee's remedy was with the Industrial Board, and not elsewhere. The St. Joseph Superior Court had no jurisdiction of her cause. This question is presented by appellant's so-called verified plea in abatement, which avers in substance that: appellee was by appellant lawfully employed and appellant was at all times mentioned in said complaint an "employer" of appellee, and appellee was at all times an "employee" of appellant within the meaning of the Workmen's Compensation Act, and at no time during the employment had either given the other notice that either had determined not to be bound by such act, and that the injury of which the appellee complained arose out of and in the course of appellee's employment by appellant, and it is prayed therein that the action do abate for the reason that the court has no jurisdiction of the subject-matter of the complaint, but that jurisdiction thereof lies exclusively in the Industrial Board.

It is contended that the plea is to the jurisdiction and is to be distinguished from a plea in abatement. That such pleas as the one here involved are in the nature of pleas in abatement is apparent, and that they are frequently termed pleas in abatement has been many times decided. *National Fraternity* v. *Wayne Circuit Judge* (1901), 127 Mich. 186, 86 N. W. 540; *Guthman* v. *Guthman* (1885), 18 Nebr. 98, 24 N. W. 435; *Scott* v. *Waller* (1872), 65 Ill. 181; *Eagle Iron Co.* v. *Baugh* (1906), 147 Ala. 613, 41 So. 663. But whether such plea is to be called a plea in abatement or a plea to the jurisdiction can make little difference.

In *Jones* v. *Cincinnati, etc., Co.* (1860), 14 Ind. 89, the court holds that: "The order of the pleading has always been, and is still, under the code, that pleas or answers, to the jurisdiction, to the disability of the parties, etc., must precede those to the merits; and this because, as says Mr. Chitty, in his Pleadings, Vol. 1, p. 440, 'each subsequent plea admits that there is no foundation for the former, and precludes the defendant from afterwards availing himself of the matter.'" This authority is cited with approval on the proposition that pleas in abatement must be filed in their order and cannot be filed with or after pleas in bar, in the following cases: *Keller* v. *Miller* (1861), 17 Ind. 207; *Carpenter* v. *Mercantile Bank* (1861), 17 Ind. 254; *Kenyon* v. *Williams* (1862), 19 Ind. 44; *Smith* v. *Pedigo* (1893), 145 Ind. 361, 33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 848; *Sanders, Admx.,* v. *Hartge* (1897), 17 Ind. App. 249, 46 N. E. 604; *Sowle* v. *Holdridge* (1861), 17 Ind. 236. Such a plea is thus recognized as a plea in abatement.

The learned author, quoted above, on the same page on which the quotation is found, states the law to be as follows: "The law has prescribed and settled the order of pleading which the defendant is to pursue, and

although it has been objected that as regards the pleas in abatement the division is more subtle than useful, yet as regulating in some respects the forms of commencements and conclusions of pleas and the right to plead another plea in abatement in some cases after judgment against the defendant of respondeas ouster, it is deemed here expedient to adhere to the ancient order, especially as no preferable arrangement has been suggested, viz.: 1st. To the jurisdiction of the court. Secondly. To the disability & etc. of the person  *  *  *. Thirdly. To the count or declaration. Fourthly. To the writ *  *  *. Fifthly. To the action itself in bar thereof." Thus it will be seen that by the ancient order of common-law pleading pleas to the jurisdiction of the court must precede pleas in bar. For the purpose of this case, we do not need to determine whether this ancient rule still strictly prevails, or whether it was the duty of the court, upon having its attention called to its want of jurisdiction, to dismiss the case. It is sufficient to say that the plea was properly and timely pleaded.

It is my opinion that the demurrer to the plea, in abatement or to the jurisdiction of the court, as we may choose to name it, should have been overruled and that, for this error, the judgment of the court should be reversed.