STEEL CAR FORGE CO. v. CHEC.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1911.)

No. 1,694.

1. NEGLIGENCE (§ 56*)—VIOLATION OF PENAL STATUTE—ACTIONABLE NEGLIGENCE—PROXIMATE CAUSE.

While a violation of penal statutes may constitute negligence per se, actionable negligence will not arise therefrom, unless the violation of the statute is the proximate cause of the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*]

2. MASTER AND SERVANT (§ 291*)—EMPLOYMENT OF MINOR—STATE STATUTES—NEGLIGENCE PER SE—PROXIMATE CAUSE—INSTRUCTION.

Burns' Ann. St. Ind. 1908, § 8022, prohibits the employment of children under 14·years in any manufacturing establishment, and declares that no person under 16 who is not blind shall be so employed who cannot read and write simple sentences in the English language, except during the vacation of the public schools in the city or town in which the minor lives. Held, that where plaintiff, a minor between the ages of 14 and 16, was employed in defendant's factory during the time when schools were in session in the town where plaintiff resided, and he was unable to read and write simple English sentences, and while so employed was injured, an instruction that if the jury found such facts, and that plaintiff was not blind, the charge of negligence was sustained, was erroneous, as authorizing a recovery on such facts without proof of any causal connection between defendant's violation of the statute in employing plaintiff and the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1145; Dec. Dig. § 291.*]

Error to the Circuit Court of the United States for the Northern District of Illinois.

Action by Andrew Chec, a minor, by Adam Marszewski, his guardian, against the Steel Car Forge Company. Judgment for plaintiff, and defendant brings error. Reversed.

The defendant in error, Andrew Chec, brought an action for personal injuries, which resulted, in the trial court, in a verdict and judgment against the Steel Car Forge Company for $12,000. This

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

writ of error is sued out to reverse that judgment. The facts, so far as they are regarded as material, and the errors assigned, are reviewed in the opinion.

Francis Lackner and Otto Butz (Amos C. Miller and C. E. Heckler, of counsel), for plaintiff in error.

Frank A. Rockhold and Francis X. Busch, for defendant in error.

Before SEAMAN and KOHLSAAT, Circuit Judges, and CARPENTER, District Judge.

CARPENTER, District Judge. The first count in the declaration filed in the Circuit Court charged that the defendant, the Steel Car Forge Company, managed and operated in the city of Hammond and state of Indiana, a factory with various machines and machinery for the purpose of manufacturing steel cars and other steel and iron products; that the plaintiff was a minor of the age of 15 years, and was employed, negligently and carelessly, by the defendant to work upon a drill press in its factory; that the press was a large machine composed of drills, cogwheels, shafting, and other parts, and was operated rapidly by means of electricity; that at the time of the injury and negligence complained of there was in full force and effect a statute of the state of Indiana, as follows:

"8022. (7037b.) Children employés—Affidavit of Age—Register.—2. No child under fourteen years of age shall be employed in any manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office within this state. It shall be the duty of every person employing young persons under the age of sixteen years to keep a register, in which shall be recorded the name, birth-place, age, and place of residence of every person employed by him under the age of sixteen years; and it shall be unlawful for any proprietor, agent, foreman, or other person connected with a manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer, and said register and affidavit shall be produced for inspection on demand made by the inspector, appointed under this act. There shall be posted conspicuously in every room where young persons are employed, a list of their names, with their ages respectively. No young person under the age of sixteen years, who is not blind, shall be employed in any establishment aforesaid, who cannot read and write simple sentences in the English language, except during the vacation of the public schools in the city or town where such minor lives. The chief inspector of the department of inspection shall have the power to demand a certificate of physical fitness from some regular physician in the case of young persons who may seem physically unable to perform the labor at which they may be employed, and shall have the power to prohibit the employment of any minor that cannot obtain such certificate." Burns' Ann. St. 1908.

The first count also contained an averment that the plaintiff was not blind; that he could not read or write in the English language, and that at the time when the accident occurred the public schools were open, and that it was not then the vacation period of the public schools at the place where the plaintiff lived; that as a direct result of the illegal employment of the plaintiff, contrary to the provisions

of the statute, the plaintiff, while exercising ordinary care for his own safety, was injured.

The evidence showed that the plaintiff was not blind at the time of the accident; that the public schools of Hammond, where the plaintiff lived, were then in session; that it was not the vacation period; and that the plaintiff could not read and write simple sentences in the English language. It also appeared that, while the plaintiff was over the age of 14 years, there was some controversy as to whether he was over or under 16 years of age at the time he was hurt.

The trial judge in charging the jury said:

"Coming back to the first theory of the plaintiff, the law which I referred to, prohibiting the employment of a person under 16 years of age in the occupation named, which list of occupations includes one in which this plaintiff was engaged at the time of this accident, that law provides that a person shall not be employed under 16 years of age during vacation if he cannot read and write simple sentences in the English language, and is not blind.

"If you find in this case that this plaintiff was under 16 years of age at the time of this injury, that he could not read and write simple sentences in the English language at that time, and was not blind, then the charge of negligence against the defendant on this first theory—under this first theory is sustained."

Under this instruction the jury were authorized, if not directed, to find the defendant guilty upon the mere showing of a violation of the statute, without any proof of actual negligence; that the violation of the statute was in itself negligence, and sufficient to form the basis of a recovery.

Causal connection between the negligence charged and the injury complained of always must be shown, and, while a violation of certain penal statutes constitutes negligence per se, nevertheless to make such negligence actionable it must be the proximate cause of the injury for which the action is brought. The violation of the statute which imposes a duty may support a cause of action for damages to one who is affected by its observance, provided it is shown that the injury was the direct or necessary result of the breach.

That portion of the Indiana statute which forbids the employment in any manufacturing establishment of a child under 14 years of age was a wise provision of the law for the protection of children. Years of hard experience have taught us that in mind and body the child is not able to cope with the adult in ordinary employments. The measure of responsibility governing the conduct of adults cannot be cast upon a child.

Wherever the policy of the law is that a child cannot assume certain responsibilities and perform certain labor with safety, it is the permitting the child to accept those responsibilities and to do such work in violation of the law which is regarded as the proximate cause of any injury which may happen to the child during the course and within the scope of his employment. It is the unlawful employment, resulting in an illegal overtaxing of the infant, which constitutes the actionable negligence. The law declares that children within the prohibited age are not possessed of the strength, judgment, and care necessary for their own safety while engaged in a dangerous pursuit. A person employing a child within the prohibited age is presumed to

know what, if any, legal disability exists, and must ascertain under all circumstances whether the employed child is of the proper age to perform the work required. The employment of children under 14 years of age was prohibited because in the minds of the legislators the natural consequence of such employment would be an accident to the child. It is therefore the doing of a thing prohibited by law, which might result in injury, that is the negligence chargeable to the employer, and the causal connection between the negligence and the injury consists in the presumption of law that the employment of itself will result in accident or injury to the minor.

If, however, a causal connection between the unlawful employment and the injury complained of is not shown, the master cannot be held liable.

With respect to that portion of the statute which has regard for children between the ages of 14 and 16 years, the situation is very different from that part which prohibits the employment of children under the age of 14 years. It is apparent that it was the policy of the state of Indiana to prohibit the employment of children under the age of 14 years, and it is equally apparent that the prohibition did not run against the employment of children between the ages of 14 and 16 years. We must determine, therefore, why the Legislature prohibited children under 14 from working under any circumstances and permitted children between the ages of 14 and 16 to work under some circumstances. To interpret this statute properly we must look to the evil aimed against.

It is clear from the wording of the statute that children between the ages of 14 and 16 years could work, provided they were able to read and write simple English sentences, and provided, further, that the public schools in the place where the child lived were not in session during the employment. The language is clear and simple, and indicates that the Legislature intended to force attendance in the public schools of all children under the age of 16 years. The mental advancement, and not the physical protection of the child, is the undoubted purpose of this provision. That this is true follows necessarily from the fact that during the vacation period in the public schools children between the ages of 14 and 16 years might work, and during that time no discrimination is made between children of advanced mental capacity and those more ignorant. Certainly a minor over 14 years of age who cannot read and write simple sentences in the English language is just as likely to be injured during the vacation period of the public schools as he would be if the schools were in session. The fact of the schools being open would in no measure increase the liability to accident, and the fact that it was vacation would not protect children from injury. In addition to this, a minor who is blind is exempt from the prohibition of the statute.

It would seem that the Legislature intended to force minors to acquire a rudimentary education in the English language by barring them from employment until they acquired it, and the question of their safety or ability to guard against injury was not under consideration. A blind child certainly would need more protection than one who could see. Education generally, however, is not required;

only the ability to read and write simple sentences in the English language. Education consists not so much in the communication of knowledge as in the discipline of the intellect. It does not depend upon the medium one uses to do his thinking or to express his ideas. If the minor were a Pole, and highly educated, he would be just as capable of guarding against injury as if his medium of communication were English. It is not at all uncommon to find boys of foreign birth of unusual intelligence and training, who are unable to read and write simple sentences in the English language. Such a boy would be barred under this statute from taking employment between the ages of 14 and 16 years, and yet another boy, even American born, of far less intelligence and training, and far less able to protect himself from injury, is permitted to work simply because of his ability to read and write simple English sentences. There can be no doubt but that it was the policy of the state of Indiana to force its children to acquire some knowledge of the English language, and that such was the purpose of this statute so far as it relates to children between the ages of 14 and 16.

Inasmuch as children between the ages of 14 and 16 years are permitted to work, providing school is not in session, it is difficult to see what causal connection exists between the unlawful employment and the accident, where the child is employed during school time. There was no relation of cause and effect between the omission on the part of the plaintiff in error to observe the provisions of this statute, and infliction of the injury upon the defendant in error in this case. In no way can it be said that the failure to observe the statutory requirements had a tendency to bring about the accident complained of. The trial judge therefore erred in instructing the jury that the charge of negligence against the defendant was sustained, provided the jury found that the plaintiff was under 16 years of age at the time of the injury; that the schools were in session; and that he could not read and write simple sentences in the English language.

Being of the opinion that in this respect there is substantial error in the record, it will be unnecessary for us to pass upon the other errors assigned. The judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.