## MILLER, ADMINISTRATOR, v. UNION PACIFIC R. CO.

No. 51. Argued November 10, 1933.—Decided December 4, 1933.

228

*Mr. Martin J. O'Donnell,* with whom *Mr. William Buchholz* was on the brief, for petitioner.

*Mr. Charles V. Garnett,* with whom *Messrs. C. A. Magaw, I. N. Watson, Henry N. Ess,* and *Paul V. Barnett* were on the brief, for respondent.

Mr. Justice Sutherland delivered the opinion of the Court.

In December, 1927, decedents, Marcus Andlauer and his wife Ellanore Andlauer, while attempting to cross respondent's railroad track at a highway intersection within a few feet of the easterly boundary line of the City of St. Marys, Kansas, were killed as the result of a collision between a train of respondent and the automobile in which they were riding. The wife sat in the front seat with her husband, who was driving. The automobile had been driven westerly along a highway parallel to the railroad track to a point about seventy-one feet south of the railroad track, where it was turned into a road running northerly across the track, and driven thence without change of speed at the rate of twelve or fifteen miles per hour until the accident. The day was clear. The crossing was a familiar one to decedents; and, from the point where the automobile was turned to a point beyond the crossing, trains from the east were in plain view for a distance of two thousand feet. The train which caused the accident came from the east at a speed of from fifty to sixty miles an hour. There was evidence that the whistle was not sounded; that the train was about an hour late; that it usually slowed down in approaching the crossing to about twenty-five or thirty miles per hour; and that a city ordinance limited the speed of trains within the city to twenty miles per hour. The rear wheels of the automobile were on or very near the south rail of the track when the collision occurred.

The trial court took the case from the jury and dismissed the petition on the merits with prejudice, holding that both decedents were guilty of contributory negligence as matter of law. This judgment the circuit court of appeals affirmed. 63 F. (2d) 574.

So far as the case for the death of the husband is concerned, we agree with the courts below. Contributory negligence on his part was clearly established under the general rule frequently stated by this court. We need do no more than refer to the case of *Northern Pacific R. Co.* v. *Freeman*, 174 U.S. 379, where a person killed by a moving train at a railroad crossing well known to him, with the coming train in full view which he could have seen while forty feet distant from the track if he had looked, was held guilty of contributory negligence because, putting aside the oral testimony, these facts demonstrated that either he did not look or took the chance of crossing before the train reached him. "When it appears," the court said (pp. 383–384), "that if proper precautions were taken they could not have failed to prove effectual, the court has no right to assume, especially in face of all the oral testimony, that such precautions were taken. . . . Judging from the common experience of men, there can be but one plausible solution of the problem how the collision occurred. He did not look; or if he looked, he did not heed the warning, and took the chance of crossing the track before the train could reach him. In either case he was clearly guilty of contributory negligence." Authority for this view was found especially in *Railroad Co.* v. *Houston*, 95 U.S. 697, 702.

The case for the death of the wife is controlled by different considerations. Although it was at one time ruled in England—*Thorogood* v. *Bryan*, 8 C.B. 115 (1849)— that the negligence of the driver of a vehicle is imputed to a passenger, that doctrine, much criticized and finally

abandoned in England (*The Bernina,* 12 Pro. Div. 58), was never generally accepted in this country. Followed by a few state decisions, it was rejected by the great weight of American authority and, after full consideration, distinctly repudiated by this Court. *Little* v. *Hackett,* 116 U.S. 366. And see *Union Pac. Ry. Co.* v. *Lapsley,* 51 Fed. 174. Whether a passenger or guest in a public or private conveyance, having no control over its movement, may be denied a right of recovery for personal injury or death on the ground of contributory negligence, depends upon his own failure to exercise a proper degree of care, and not upon that of the driver. This is true where the passenger is the wife of the driver as in other cases. *Chicago, R. I. & P. Ry. Co.* v. *Fanning,* 42 F. (2d) 799, 803. And, while the state decisions are not uniform on the subject, the federal rule is definitely settled that the burden of proving such contributory negligence rests, in all cases, upon the defendant, *Railroad Co.* v. *Gladmon,* 15 Wall. 401, 406–407; *Texas & Pacific Ry. Co.* v. *Volk,* 151 U.S. 73, 77–78; *Central Vermont Ry.* v. *White,* 238 U.S. 507, 512, although, if such negligence be established by plaintiff's evidence, it hardly seems necessary to add, defendant may have the benefit of it. *Washington & Georgetown R. Co.* v. *Harmon,* 147 U.S. 571, 580–581; *Indianapolis & St. L. R. Co.* v. *Horst,* 93 U.S. 291, 298–299.

In the present case, as already appears, the burden was sustained as to the husband. It was not sustained as to the wife. As to her, there is an entire absence of evidence on the point. Whatever duty rested upon her under the circumstances, for aught that appears to the contrary, may have been fully discharged. It properly cannot be said from anything shown by the record before us that she did not maintain a careful lookout for the train, or that, if aware of its approach, she did not warn her husband or urge him to stop before entering upon the cross-

ing. Want of due care for her own safety must be proved; it cannot be presumed. The presumption is the other way. *Texas & Pacific Ry. Co.* v. *Gentry,* 163 U.S. 353, 366; *Baltimore & Potomac R. Co.* v. *Landrigan,* 191 U.S. 461, 473–474; *A., T. & S. F. Ry. Co.* v. *Toops,* 281 U.S. 351, 356. If, as here, there be no evidence which speaks one way or the other with respect to contributory negligence of the person killed, it is presumed that there was no such negligence. *Looney* v. *Metropolitan R. Co.,* 200 U.S. 480, 488.

Here the wife was not in control of the movement of the automobile. She could only note the danger, warn her husband, and urge him to stop. She may have done so, and he, misjudging the situation or taking the chance, have gone forward nevertheless. Or she may have seen the approaching train, observed that her husband was also aware of the fact and, relying upon her knowledge of his habits and character, trusted him, with good reason until it became too late to interfere, to do whatever was necessary to avoid the danger. The applicable rule is found in *Southern Pac. Co.* v. *Wright,* 248 Fed. 261, 264. That was a case where one Wright was riding in a motor truck with an experienced chauffeur as driver. A collision occurred between the truck and a train, which resulted in Wright's death. It did not appear whether Wright saw the train before it was seen by the chauffeur. The court said that he might have seen it and yet reasonably remained silent on the assumption that, the view being unobstructed, the chauffeur also saw it and was governing himself accordingly. "So that up to the very time that the truck approached the main track he [Wright] may have reasonably supposed that Tucker [the chauffeur] would stop the car in time to avoid a collision. And when he realized that he was going to attempt to cross ahead of the train, what could, or should, he have done? Who can now say as a matter of law? Cry out? He might thus have con-

fused and disconcerted the driver, and an instant of indecision in such a case may be fatal. Here, with the truck a half a second sooner or the train a half a second later, the tragedy would not have happened. It must be borne in mind that there was no time to reflect or reason. If the train was running only 30 miles an hour—the speed was probably greater—it was only about 30 seconds from the time it came into view a quarter of a mile away until it crashed into the truck." Accordingly, it was held that the question of Wright's contributory negligence was not one of law but one of fact for the jury.

To the same effect, see, *Chicago & E. I. Ry. Co.* v. *Divine,* 39 F. (2d) 537, 539; *Trenholm* v. *Southern Pac. Co.,* 8 F. (2d) 452; *Baker* v. *Lehigh Valley R. Co.,* 248 N.Y. 131, 135–136; 161 N.E. 445; *Nelson* v. *Nygren,* 259 N.Y. 71, 75; 181 N.E. 52; *Crough* v. *New York Central R. Co.,* 260 N.Y. 227, 232; 183 N.E. 372. In the *Baker* case, *supra,* the New York court, holding that the question of the contributory negligence of an automobile passenger killed in a train collision was for the jury and not the court, said:

"Believing the car was about to stop, he may have thought that warning would be needless, and discovering too late that the car was going on, he may have thought that interference would be dangerous. These and like possibilities were to be estimated by the triers of the facts. They make it impossible to deal with the issue as a question for the court."

*Bradley* v. *Missouri Pac. R. Co.,* 288 Fed. 484, is cited by respondent to the contrary; but to the extent that it conflicts with the view we have expressed, that case is disapproved.

But the argument is advanced that even though the railroad company be guilty of negligence and the wife be absolved from the charge of contributory negligence,

nevertheless the railroad company is not liable, because, under the circumstances here disclosed, the proximate cause of the wife's death was not its negligence, but the negligence of the husband in driving upon the track in the face of the approaching train. The validity of this contention depends altogether upon whether the negligence of the husband constituted an intervening cause which had the effect of turning aside the course of events set in motion by the company, and in and of itself producing the actionable result. The evidence here does not present that situation. Instead of a remote cause and a separate intervening, self-sufficient, proximate cause, we have here concurrent acts, coöperating to produce the result. As this Court pointed out in *Washington & Georgetown R. Co.* v. *Hickey,* 166 U.S. 521, 525, the vice of the argument consists in the attempt to separate into two distinct causes (remote and proximate) what in reality is but one continuous cause—that is to say, an attempt to separate two inseparable negligent acts which, uniting to produce the result, constituted mutually contributing acts of negligence on the part of the railroad company and the driver of the automobile.

The negligence sought to be established against the railroad company was not only failure to sound the whistle, but operation of the train at a rate of speed dangerous and unusual, and which necessarily would bring the train into the city at a speed far beyond the limit prescribed by the city ordinance. Assuming, upon these facts, that a finding by the jury that the train was negligently operated would be justified, such negligence continued without interruption down to the moment of the accident. The same is equally true in respect of the contributory negligence of the driver of the automobile. The result, therefore, is that the contributory negligence of the driver did not interrupt the sequence of events set in motion by the negligence of

the railroad company or insulate them from the accident, but concurred therewith so as to constitute in point of time and in effect what was essentially one transaction.

The rule is settled by innumerable authorities that if injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone. " It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury." *Choctaw, O. & G. R. Co. v. Holloway,* 114 Fed. 458, 461–462. See also *Grand Trunk Ry. Co.* v. *Cummings,* 106 U.S. 700, 702; *Gila Valley, G. & N. Ry. Co.* v. *Lyon,* 203 U.S. 465, 473; *Union Pac. Ry. Co.* v. *Callaghan,* 56 Fed. 988, 993; *Chicago, R. I. & P. Ry. Co.* v. *Sutton,* 63 Fed. 394, 395; *Chicago, St. P. & K. C. Ry. Co.* v. *Chambers,* 68 Fed. 148, 153; *Shugart* v. *Atlanta, K. & N. Ry.,* 133 Fed. 505, 510–511; *Pacific Telephone & Telegraph Co.* v. *Hoffman,* 208 Fed. 221, 227; *Memphis Consol. Gas & Electric Co.* v. *Creighton,* 183 Fed. 552, 555.

The case last cited is peculiarly apposite. There the owner of a house, being unable to shut off the gas, telephoned the gas company asking that someone be sent to look after the matter. There being some delay, the owner, in attempting to find the leak, lighted a match, which caused an explosion of accumulated gas. Creighton was injured thereby and brought suit against the gas company. That company insisted that the proximate cause of the injury was the act of the owner in bringing the lighted match in contact with the gas. The court in rejecting the claim said:

" This might be so if it had been a supervening cause which rendered the first cause inoperative. The truth of the matter is that the causes of the injury were concurrent. The accumulation of the gas was one; the lighted

match was the other. The effect of the former had not ceased, but co-operated with that of the other in effecting the injury. In such case an inquiry about the proximate cause is not pertinent, for both are liable."

The court below erred in holding as matter of law that the wife was guilty of contributory negligence and, therefore, its judgment cannot stand.

Judgment reversed and cause remanded to the district court for further proceedings in conformity with this opinion.