## STEARNS v. LINDOW et al.
### No. 5950.

Court of Appeals of the District of Columbia.
Argued Feb. 6, 1934.

Decided March 26, 1934.

Alvin L. Newmyer, David G. Bress, and David Wiener, all of Washington, D. C., for appellant.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellee Fine.

Henry I. Quinn, of Washington, D. C., for appellee Lindow.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for defendants in an action for damages for personal injuries sustained in an automobile collision.

The appellant, Philip Stearns, as plaintiff below, filed a declaration claiming damages from George E. Lindow and Samuel Fine, alleging that on September 27, 1930, plaintiff was a passenger in an automobile owned by defendant Samuel Fine and operated by Louis Fine, the infant son of Samuel Fine, as the agent and chauffeur of his father; that the automobile was being driven in a westerly direction on Virginia avenue, in the city of Washington, D. C., and was approaching the intersection of Virginia avenue with Third street; that at the same time defendant Lindow was operating an automobile owned by him, and was proceeding in a southerly direction upon Third street, approaching the intersection of Third street and Virginia avenue. Plaintiff charges that the defendant Lindow while driving his automobile, and defendant Samuel Fine acting by and through his son and agent who was driving the automobile in which plaintiff and Samuel Fine were riding, negligently operated their respective automobiles by driving at an excessive rate of speed, failing to keep a proper outlook ahead, and failing to use the degree of care which reasonably prudent persons would use in such circumstances, causing the automobiles to collide with great force and violence, whereby plaintiff was thrown from his seat and was severely bruised and suffered great injury, for which he claimed damages from defendants Lindow and Fine in the sum of $15,000.

The defendants by their pleas, severally filed, denied all charges of negligence on their part. The defendant Samuel Fine also alleged that the plaintiff and himself were engaged in a joint enterprise while making the trip by automobile when the accident occurred, and that his son, Louis Fine, who was driving the automobile, was acting for and as the agent of both of them; and that the negligence of Louis Fine, if any, was imputable to plaintiff, and would bar plaintiff from a recovery against him in this case.

The case came on to be tried before a

jury. The plaintiff Stearns testified that he was a real estate broker operating in the District of Columbia at the time of the accident; that in the afternoon of the day in question he was in his office, and the defendant Fine without previous arrangement came to see plaintiff at his office and inquired whether or not plaintiff had gotten a commitment of a real estate loan for him, since he needed money for the purchase of a business; that plaintiff replied that he had gotten the commitment about two weeks prior thereto, but that the only way to find out would be to go over to see the prospective lender, who, at the time, was building an apartment house on Minnesota avenue; that the defendant Fine thereupon replied, "I have my car parked double on the outside with the boy at the wheel, I will run you over there." Whereupon plaintiff and defendant went downstairs and got into defendant's car, plaintiff getting in the front seat next to the defendant's son who was sitting at the wheel, and defendant Fine getting into the back seat of the car; that the defendant's son then asked plaintiff where to go and the plaintiff replied, "Minnesota Avenue," and suggested that he go by way of Pennsylvania avenue; that after arriving at the destination the business was transacted and the same positions in the defendant's automobile were retaken by the parties; that as they were getting back into the automobile the defendant Fine asked the plaintiff if he would "suggest a way back to the office to avoid the heavy downtown traffic, especially Pennsylvania Avenue," and the plaintiff thereupon suggested "Virginia Avenue"; that plaintiff did not know that any one told the driver to go along Virginia avenue, since the driver was familiar therewith; that the defendant and his son had lived in the District of Columbia for several years and engaged in business there; that otherwise than in obtaining the loan for the defendant the plaintiff had no connection whatever with him; that plaintiff did not direct the driver of the car as to which street he was to take other than to follow Pennsylvania avenue when going and Virginia avenue when returning; that plaintiff did not at any time have any control of the directions or of the manner in which the machine was to be operated; that plaintiff had an automobile of his own for use in his business which plaintiff could have used on this occasion since it was parked outside his office in the Denrike Building.

Plaintiff further testified, concerning the collision, that the automobile driven by Fine and that driven by Lindow approached the street intersection about the same time; that when the Fine car started across the intersection the Lindow car was about 15 or 20 feet from the north side thereof; that the Lindow car was coming down at a fairly good clip and as they reached the intersection, of course, if Fine would have stopped his car Lindow could have gone by, but Fine swerved to his left and tried to get around, but Lindow kept on going and smashed into Fine's car; that Lindow's car approached the intersection about 25 miles per hour; that no horn was sounded by either car; that plaintiff could not say whether the Lindow car slowed down when it reached the intersection; that the Fine car in approaching the intersection slowed down to about 15 miles per hour, then increased its speed a little to cross over; that the Fine car started straight across the intersection and then seeing the Lindow car, the Fine car was turned to the left, and that is really what threw the car over to the corner; that the collision then occurred, the Lindow car striking the Fine car on the right side between the front and rear fenders near where plaintiff was sitting, and pushed the Fine car on to the curb; that the Fine car made no attempt to stop before the collision occurred; that plaintiff was sitting on the right side of the front seat to the right of the driver and was thrown over with great force resulting in his injuries. Plaintiff also introduced evidence concerning the extent of his injuries.

The defendant Samuel Fine was examined as a witness and said that he remembered nothing about the collision; that it happened unexpectedly to him; and that he was rendered unconscious by it and did not recover consciousness until he was in the hospital. He testified also that when they were coming back the plaintiff told his son, who was driving, to take Virginia avenue to get out of the traffic.

Mrs. Lindow was called as a witness and testified that she was riding in the front seat of the car with her husband at the time of the accident. She described the accident in detail as did her husband, the defendant Lindow. Other evidence immaterial to the present issue was introduced and the testimony thereupon was closed.

The court then charged the jury in part as follows: "Now, the court has ruled, as a matter of law, that Mr. Stearns is not entitled to recover against Fine in this case because they were engaged in what is known

as a joint enterprise at the time, and young Mr. Fine, who was driving the car was driving for both of them, driving for Mr. Stearns, on Stearns' business as well as the business of the boy's father, and under those circumstances, under the law, Stearns cannot recover against Mr. Fine no matter how negligent this boy may have been in driving the car."

The court also instructed the jury as requested in prayer No. 3 of the defendant Lindow, as follows: "The jury are instructed that the owner of the automobile in which plaintiff was riding and the plaintiff were engaged in a joint enterprise and that the negligence, if any, of the driver of the automobile in which the plaintiff was riding is imputable to the plaintiff. If you find from the evidence that the driver of the automobile in which plaintiff was riding was guilty of any negligence proximately contributing to the accident complained of, then your verdict should be for the defendant."

Plaintiff's counsel thereupon objected and excepted to the foregoing instructions on the ground that it was error for the court to instruct the jury as a matter of law upon the evidence that the negligence of the driver of the Fine car, if any, should be imputed to the plaintiff.

The jury returned a verdict for each of the defendants, whereupon this appeal was taken upon the following assignments of error: That the court erred in directing the verdict for the defendant Fine; that the court erred in holding as a matter of law that the plaintiff was a joint adventurer with the defendant Fine; that the court erred in holding as a matter of law that the plaintiff was chargeable with the negligence, if any, of the driver of the Fine car, as to the defendant Fine; that the court erred in granting defendant Lindow's prayer No. 3.

We think that the trial court erred in ruling as a matter of law upon the evidence that the defendant Fine and the plaintiff were engaged at the time of the accident in a "joint enterprise," and that Fine's son, who was driving the car, was driving as the agent or servant of both of them. Accordingly, it was error for the court to direct a verdict upon this ground for the defendant Fine.

The evidence substantially tends to support the view that Fine, the driver of the car, was an agent and servant of his father alone at the time of the accident, and that the plaintiff was no more than a guest or invitee of the defendant. The automobile belonged to the defendant; and he selected his son to act as chauffeur. He invited the plaintiff, without request upon plaintiff's part, to become a passenger in the automobile, and plaintiff accepted the invitation. And while it may be conceded that the trip was in the joint interest of both, that alone is not enough to constitute it a joint enterprise or to charge plaintiff with the negligence of the driver of the car. To constitute joint enterprise in such a case there must be not only joint or community interest, but also an equal right express or implied to direct and control the management and movement of the car. Here the evidence fails to show either joint or separate control over the operation of the car while upon the journey.

The evidence, therefore, is not sufficient to sustain the conclusion as a matter of law that the negligence of the chauffeur, if any, was imputable to the plaintiff so as to exonerate the defendant Fine from responsibility for such negligence, and the issue should have been submitted to the jury.

It may be added that there is no evidence tending to show that the plaintiff himself was actually guilty of negligence in any particular while riding in the car or at the time of the accident.

It will be observed that the error committed in relation to the case of the plaintiff against defendant Fine is similarly reflected in plaintiff's case against Lindow, for the court instructed the jury that if the negligence of Lindow caused or contributed to the accident he would not be liable to the plaintiff if the negligence of the chauffeur Fine also contributed thereto.

See Cooley on Torts (4th Ed.) vol. 3, § 492. See, also, Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652; Miller v. Union Pac. R. R. Co., 290 U. S. 227, 54 S. Ct. 172, 78 L. Ed. 285; B. & O. R. R. Co. v. Adams, 10 App. D. C. 97; Burke v. Anacostia & P. R. Co., 48 App. D. C. 296; Bernhardt v. City & S. Ry. Co., 49 App. D. C. 265, 263 F. 1009; Pyle v. Clark (C. C.) 75 F. 644, affirmed (C. C. A.) 79 F. 744; Southern Pac. Co. v. Wright (C. C. A.) 248 F. 263; Bloom v. Leech, 120 Ohio St. 239, 166 N. E. 137; Director General of R. R. v. Pence's Adm'x, 135 Va. 329, 116 S. E. 351; State v. Norfolk & Western Ry. Co., 151 Md. 681, 135 A. 827; Coleman v. Bent, 100 Conn. 527, 124 A. 224; Cram v. Des Moines, 185 Iowa, 1292, 172 N. W. 23;

Whiddon v. Malone, 220 Ala. 220, 124 So. 516.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.