JONES et al. v. THOMPSON et al.
No. 7838.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1935.

T. J. McMahon and **T. P.** Davidson, both of Abilene, Tex., for appellants.

W. B. Handley, of Dallas, Tex., and Frank E. Smith, of Abilene, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Jessie Thompson, a married woman residing with her husband, George T. Thompson, in the state of New York, was riding in an automobile owned by her and driven by her hired chauffeur through the state of Texas when her vehicle came into collision in daylight on a straight paved highway with another automobile driven by E. E. Jones. By the impact Jones was severely injured and his minor child was also hurt. For himself and as next friend for the child Jones brought suit in Texas against Mrs. Thompson and her chauffeur, joining as a defendant the absent husband, George T. Thompson. No liability was alleged against him, but he was joined because of a Texas statute, article 1985, Rev.Civ.Stats. of 1925, which reads: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband." Mrs. Thompson and the chauffeur were duly served in the state, but the husband, being in New York, was there served personally with a notice of the suit under article 2037 of the Rev.Stats. of 1925, providing in part: "Where the defendant is absent from the State, or is a nonresident of the State, upon application of the plaintiff, his agent or attorney, the clerk shall address a notice to the defendant requiring him to appear and answer the plaintiff's petition at the time and place of holding court, naming such time and place." The husband appeared specially to move to quash the service upon him; Mrs. Thompson pleaded in abatement that she should be dismissed from the suit for lack of effective joinder of her husband; and the chauffeur answered to the merits. On the trial service on the husband was ordered quashed and Mrs. Thompson was dismissed from the suit; and on a trial of the case against the chauffeur a verdict was directed in his favor. The plaintiffs appeal against all three defendants and assign error on each of these rulings.

The original petition asserts negligence on the part of Mrs. Thompson as owner of the car, and of the chauffeur as her employee and agent, but alleges no responsibility of the absent husband. The amended petition expressly disclaims any case against him, and states that he is joined pro forma in order to comply with the statute of the forum which requires his joinder but prohibits any judgment against him. Such being the pleadings and such being the law, we think the service sufficient. It would not be a proper service to enable the court to render a personal judgment against him, but is ample to notify him of his wife's legal trouble and to enable him to give her the advice and assistance in her litigation which seems to be the purpose of requiring his joinder. The notice from the clerk personally given him in New York was the service designated by the Texas law for a nonresident. It was the only form of service available. It was sufficient for the purpose in view, and should not have been quashed. It follows also that Mrs. Thompson should not have been dismissed from the case for the reason which she had set up.

On the merits, we are of opinion that the evidence made a case for the jury. While there was substantial conflict on some points, the jury might have found that Mrs. Thompson's car was greatly exceeding the speed limit of 45 miles per hour, and that her chauffeur was also negligent in not observing the signal and situation of the car of Jones. The verdict was directed because of contributory negligence of Jones. Some of the evidence tends to show that he, without giving any signal of his intention to turn across the highway into premises adjoining it on his left, and with full sight and knowledge of the approaching car whose path he was about to cross, and with no vehicles behind him to embarrass him should he wait for a safer opportunity, voluntarily took the risk and negligently contributed to, if he did not wholly cause, the collision. But other evidence more favorable to him is to the effect that he saw the car of Mrs. Thompson as much as 300 yards away from him, and that, not knowing its excessive speed, he gave the usual signal by extended arm to indicate his intention of crossing to the left, and the jury might conclude that the attempt to cross was reasonably safe if the Thompson car was held to a proper speed and if pursuant to the signal it had been guided so as to pass Jones on his right instead of following him off the road to his left as it did. Of course, also, it may be true, as was testified, that Jones gave no signal, but turned

suddenly to his left to the wrong side of the road, and that Mrs. Thompson's chauffeur had no time to do more than apply the brakes as he did, sliding his car a distance of over 80 feet, but too late to avoid the collision. Whether there was negligence in the management of the Thompson car and whether there was contributory negligence on the part of Jones are under all the evidence questions for the jury. We are unwilling to hold that it is negligent as a matter of law to cross to the left in daylight in front of another car 300 yards away if due signal is given. Motorists have a right to cross to the left of the highway when it is reasonably safe to do so. A car approaching from the opposite direction has and should be accorded the right of way, but crossing in front of such a car is not quite like crossing a railroad track in the face of an approaching train, as in Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. The train is so much speedier and heavier and more unmanageable than the road vehicle that the latter is reasonably required to stop and take no chances. Traffic on the highways presents many circumstances of congestion, speed, signals, and mutual forbearance which may greatly affect the prudence of what is done. The Texas statutes, particularly article 801, Vernon's Texas Ann.P.C., contain a number of rules of the road which it is a crime to violate. A speed limit of 45 miles per hour is set. Other rules and signals generally observed everywhere are stated. One provision is: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

If, as defendants claim, they were less than 50 yards from Jones when he under no emergency turned to his left side, he was clearly negligent as a matter of law, and the more so if defendants were coming very fast. If, as Jones contends, the defendants were farther away than 50 yards, while the statute did not forbid, it did not expressly authorize, his turning to the left. Whether he could prudently do so would depend on the apparent speed of the oncoming car and whether it saw and recognized a signal from Jones that he wished to cross. His case is that he gave the signal, that the oncoming car was two to three hundred yards away and not apparently traveling beyond the speed limit or out of control, and that

it appeared safe to cross and would have been if his signal had been heeded and defendants' car had been lawfully and prudently handled. The conflict in the evidence requires submission to the jury. They are the appointed judges of the actual circumstances, as well as of what prudent persons ought to have done. The case is not so clear as to enable the court to say as a matter of law where the fault lay.

It should be noted finally that mere contributory negligence of Jones would not defeat his child. If injured by the negligence of Mrs. Thompson and her chauffeur concurring with negligence of Jones, the child could recover, there being no contention that the three year old child itself was negligent. Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. The parent's failure in diligence does not defeat his child. Galveston, H. & H. Ry. Co. v. Moore, 59 Tex. 64, 46 Am.Rep. 265.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.