## POLLARD v. DAVIS.

### No. 8585.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1937.

Rehearing Denied Jan. 12, 1938.

HOLMES, Circuit Judge, dissenting.

W. H. Sadler, Jr., of Birmingham, Ala., for appellant.

Crampton Harris, of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages suffered by appellee in a crossing collision between one of appellant's locomotives and an automobile in which she was riding with her husband. The claim was that those operating the locomotive were negligent in backing over the crossing without giving the signals, and keeping the lookout due care demanded, and that this negligence, concurring with that of the driver of the automobile, was the proximate cause of her injury. Defendant, joining issue and pleading contributory negligence, there was a trial to a jury with a verdict for plaintiff. This appeal from the judgment on that verdict tests whether the refusal of defendant's motion for an instructed verdict was error.

Appellant concedes that appellee was not herself guilty of negligence, and that the admitted negligence of plaintiff's husband may not be imputed to her, if defendant receiver was also negligent and his negligence concurring with that of her husband was the proximate cause of her injuries. Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Stringfellow v. Atlantic Coast Line R. Co., 290 U.S. 322, 54 S.Ct. 175, 78 L.Ed. 339. The point he makes is that plaintiff can take no comfort from these cases, for, under the undisputed facts, her husband's negligence was in law not a concurring, but the sole proximate cause of the collision. Appellee, on her part, not at all controverting appellant's conclusion that she may not recover if her husband's negligence was the sole proximate cause of the injury, vigorously disputes the premise on which that conclusion rests. She insists that the testimony was in conflict upon whether the bell was rung and the whistle blown, and that the jury's verdict has established that they were not. She puts her main reliance, however, upon the proposition that there was evidence from which the jury could have found that the flagman did not, as he testified he did, precede the locomotive across the street at a reasonable distance, as required by an ordinance of the city of Birmingham,[1] and that the violation of this ordinance was negligence per se. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Cooper v. Agee, 222 Ala. 334, 132 So. 173–175; Hover & Co. v. Denver Ry. Co. (C.C.A.) 17 F.2d 881; Steel Car Forge Co. v. Chec (C.C.A.) 184 F. 868; Texarkana Ry. Co. v. Parsons (C. C.A.) 74 F. 408. Appellant, in reply, points to the fact that six witnesses, the engineer and fireman, and four others not employees of defendant, gave positive testimony to the giving of crossing signals and to the fact that the flagman preceded the locomotive across the street at least to the middle of it, and until it had gotten so far out into the street that its great bulk and the noises it made in its movement gave far more significant evidence of its presence than the flagman himself could have given. He points out, too, that not a single witness for plaintiff gave testimony in contradiction. What testimony her witnesses gave was negative.[2] It was not that no signals were given, and the flagman did not precede the engine, but merely that they did not hear any signals; they did not see the flagman. Only two witnesses testified for plaintiff on the matter of the signals and the flagman. One of these, her husband, said: "I did not hear any whistle

---

[1] "It shall be unlawful for any conductor, engineer, or other person in charge or control of any steam railroad train or locomotive to permit such train or locomotive to cross any railroad or street car track or any boulevard established by law at points or places thereon where no flagman or watchman is stationed, unless such locomotive or train shall have first come to a complete stop within 100 feet of such track or boulevard and unless some member of the crew of such train or locomotive shall precede said train or locomotive across such track or boulevard at a reasonable distance ahead of said locomotive or train and give the danger signals prescribed by this title."

[2] Chicago & E. I. Ry. Co. v. Sellars (C.C.A.) 5 F.2d 31; Summers v. Denver Tramway Corporation (C.C.A.) 43 F.2d 286; Lehigh Valley Ry. Co. v. Mangan (C.C.A.) 278 F. 85.

of the locomotive or see any flagman out in the highway flagging me and other people down. When I first saw the flagman he was riding on the tender out in the street." The other, a Mr. Lee, testified that he had been traveling north in the same direction, but behind plaintiff's car at a speed of about 30 miles an hour, and that when the accident occurred he was still 35 or 40 yards south of the railroad track. His testimony, further, was that when he first saw the engine, it was practically halfway across Twenty-Sixth street; that he did not remember hearing the bell ring; and that he did not see the flagman. He did not say, however, that the bell was not ringing, or that the flagman did not precede the engine across the street. As for the plaintiff herself, she testified merely that she could not remember whether any whistle blew, or any bell was ringing, immediately before the crash. The case standing thus on the evidence, appellant insists that upon the direct, positive, and uncontradicted testimony of the witnesses for defendant that the bell was ringing and the whistle blowing, and that the flagman did precede the engine at least halfway across the street, stopping traffic and warning of its approach, until, occupying nearly one-half of a 55-foot street, the engine gave its own unmistakable warning, there is no issue of fact for a jury and an instructed verdict for defendant was demanded. Arnall Mills v. Smallwood (C.C.A.) 68 F.2d 57. It insists, in short, that the testimony admits of only one reasonable conclusion; that it was not the failure of the engineer to give signals, nor of the flagman to precede the engine all the way over the crossing which was, or could have been, the proximate cause of the collision. That was, the recklessness of plaintiff's husband, who, according to his own testimony, came rushing down the street to the right of the middle of it, until, suddenly finding himself about to run straight into the engine, he dodged to the right in front of a parked car waiting there in the street to let the engine pass, and still dodging further to the right, he made a vain effort to beat the locomotive over the crossing.

We agree with appellant. It may indeed be said for plaintiff that there is a conflict in the evidence as to whether the flagman preceded the engine entirely across the street, or only halfway across, and the jury therefore might properly have found that the flagman went out to the center of the street and flagged the traffic down, and then, having motioned the engine to come on, he turned back toward it, and, mounting the tender, rode it across the street and that thereby he failed to legalistically obey the ordinance to proceed across the street ahead of the engine. It may not be said, though, that his failure to do so was the proximate cause of the injury, for, according to the undisputed evidence, the flagman had stopped the traffic, cars were standing on both sides of the street, waiting for the engine to pass, and when the flagman turned back, if he did, the engine was already so far out into the street that its own presence gave a more efficient warning signal than the flagman himself could have done.

"After the train has reached the crossing, the duty of the gatekeeper or flagman ends as to that train, and such person is not negligent in then leaving the position of duty since the train itself is then sufficient warning." 52 Corpus Juris, 205; Southern Ry. Co. v. Lambert, 230 Ala. 162, 160 So. 262; Mabray v. Union Pacific R. Co. (D.C.) 5 F.Supp. 397; Phillips v. Davis (C.C.A.) 3 F.2d 798, 40 A.L.R. 1241; Baltimore & O. Ry. Co. v. Shaw (C.C.A.) 35 F.2d 410; Morley v. Cleveland R. Co., 100 Ind.App. 515, 194 N.E. 806.

When it is considered that the car was traveling to the right of the center of the street, that the engine was approaching from the left without any obstruction at the southwest corner of the intersection, that the locomotive was of large size, about 87 feet long, and 11 feet high, that it was daylight, and the weather clear, and that Davis, according to his testimony did not see it until he was just a few steps south of it, and about a second before the collision occurred, it is obvious that Davis was paying no attention to his surroundings, and that it was his reckless driving, and not the failure of the flagman to precede the train all the way across the street, that solely caused the injury. When, in short, the case is viewed as a whole, it is perfectly plain that no case is made against the defendant. There can be no doubt that signals were given; none that the flagman had gone out into the street, at least to the middle of it, and had stopped traffic; none that when plaintiff's car approached the crossing the engine was so far out into it as to give more complete and effective warning than the fireman would have given

if he had preceded the engine entirely over the crossing. Under these circumstances, a jury could not legitimately find that there was negligence of the defendant, concurring with that of plaintiff's husband, to proximately cause the injury, and the verdict for plaintiff may not stand.

The appellant should have had the affirmative charge he asked. Because of the failure to give it, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting).

This is an appeal by H. D. Pollard, receiver of the Central of Georgia Railway, from a judgment against him, entered upon a verdict of a jury awarding damages for personal injuries received by appellee.

Under the facts as established by the verdict, appellee was injured when an automobile, in which she was riding with her husband, collided with a locomotive of appellant at a public crossing in the city of Birmingham, Ala. Her husband was driving, and she had nothing to do with the operation of the car. At the time of the injury they were proceeding toward Cullman, on Twenty-Sixth street, which intersects the railway tracks of appellant at Twenty-Third avenue. The automobile · was moving at a speed of between 20 and 25 miles an hour when, without ringing a bell or blowing a whistle, the engine was backed out into the middle of Twenty-Sixth street. Evidently, the jury further found that no flagman was preceding the locomotive at a reasonable distance, as required by an ordinance of the city of Birmingham. This ordinance, section 5979 of the Code of Laws with reference to traffic, provides as follows: "It shall be unlawful for any conductor, engineer or other person in charge or control of any steam railroad train or locomotive to permit such train or locomotive to cross any railroad or street car track or any boulevard established by law at points or places thereon where no flagman or watchman is stationed unless such locomotive or train shall have first come to a complete stop within 100 feet of such track or boulevard and unless some member of the crew of such train or locomotive shall precede said train or locomotive across, such track or boulevard at a reasonable distance ahead of said locomotive or train and give the danger signals prescribed by this title."

Section 5930 of the same Code declares and designates Twenty-Sixth street as one of the boulevards. A violation of the aforesaid municipal ordinance is negligence per se. Watts v. Montgomery Traction Company, 175 Ala. 102, 57 So. 471; Cooper v. Agee, 222 Ala. 334, 132 So. 173, 175; Hover & Co. v. Denver Ry. Co. (C.C.A.) 17 F.2d 881; Steel Car Forge Co. v. Chec (C.C.A.) 184 F. 868; Texarkana Ry. Co. v. Parsons (C.C.A.) 74 F. 408.

It cannot be said from the evidence that the husband's negligence was the sole cause of the injury. On the contrary, the jury found as a fact, upon substantial evidence, that the appellant was guilty of negligence which directly and proximately contributed to the injury. Conceding that the husband was also guilty of negligence which concurred with that of the engineer in producing the injury, the wife was a guest in the car, and his negligence may not be imputed to her. Miller v. Union Pacific Ry. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285.

I think this case was properly submitted to the jury, and that the judgment of the District Court should be affirmed.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is, hereby denied.